**ECONOMY AUTO STORES, Inc., v. ECONOMY AUTO SUPPLY STORES, Inc.**

Civ. A. No. 406.

United States District Court
S. D. Florida, Orlando Division.

Nov. 23, 1949.

LeRoy B. Giles, Orlando, Fla., K. Wilson Corder, Atlanta, Ga., John T. Boman, Jr., Atlanta, Ga., Crenshaw, Hansell, Ware & Brandon, Atlanta, Ga., for plaintiff.

E. P. Mulcahy, Jacksonville, Fla., for defendant.

BARKER, District Judge.

### Findings of Facts

1. The plaintiff is Economy Auto Stores, Inc., a corporation organized and existing under the laws of the State of Georgia, having been incorporated there on May 7, 1934.

2. The defendant is Economy Auto Supply Stores, Inc., a Florida corporation, organized in July of 1946.

3. The amount in controversy, exclusive of interest and costs, exceeds $3,000.-00.

4. Plaintiff has been continuously in business since 1934, and at the time this suit was brought had a total of fourteen company-owned stores situated throughout the States of Georgia and Alabama.

5. Plaintiff likewise had fifty-three so-called "associate member" stores located throughout the States of Georgia, Florida, Alabama and Tennessee.

6. At the time of the trial of this action, plaintiff had a total of sixty-four associate stores, operating under contractual relationships with plaintiff by virtue of which said stores are entitled to use its name with the designation of "associate member".

7. All of the seventy-eight stores presently included in plaintiff's organization operate under the predominant designation "Economy Auto Stores, Inc." or "Economy Auto".

8. Plaintiff had an associate member store in St. Augustine, Florida, early in 1946, and before defendant commenced operating under the Economy name in said State. Plaintiff likewise had three associate stores in Florida at the time of the commencement of this action, and five associate stores at the time the case was actually tried.

9. Plaintiff has advertised widely in the Southeast since 1934, having spent nearly $300,000.00 in this connection, exclusive of large sums so spent by its associate dealers.

10. Advertising media employed by plaintiff included the radio, newspapers, direct mailing, distribution of catalogs and the like, and others.

11. By virtue of such advertising, and other promotional means, the Economy name has achieved a secondary meaning and has become synonymous with and acquired a special significance, with respect to plaintiff's stores and associate member stores.

12. The plaintiff has built up a valuable property right in the "Economy" name, as such relates to the auto accessory business in Southeastern United States, including the State of Florida.

13. From 1937 to 1946 defendant operated a Western Auto associate store in Orlando, Florida, and upon termination of that relationship took the name "Economy Auto Supply Stores, Inc.", for its place of business.

14. The ostensible reason for defendant's adoption of the Economy name was "purchasing for thrift * * * economy" but the real purpose in adopting the name "Economy Auto Supply Stores, Inc.", was to create the impression that it had more than one store, and at the same time to capitalize on the business and credit reputation of the plaintiff.

15. Defendant knew or was in a position to know of plaintiff's stores prior to its adoption of the name "Economy Auto Stores" in connection with its single store.

16. Generally speaking, the auto accessories and other articles sold by the defendant at its stores are the same as or related to those sold by the plaintiff in the stores comprising its organization.

17. Plaintiff did not consent to or acquiesce in the defendant's use of the Economy name, and upon discovery of such use notified defendant in writing on January 19, 1948, to cease using the name in connection with its business. Defendant refused to do so.

18. Defendant's adoption of the substantial entirety of plaintiff's corporate name more than twelve years after plaintiff's initial entry into the automotive accessory field is bound to lead to confusion, both of purchasers and suppliers.

19. Plaintiff's right to a natural expansion of its trade territory embraces that territory in which defendant has arbitrarily appropriated plaintiff's name.

20. The existence of plaintiff's plans for such expansion is evidenced by the fact that the number of its associate stores in Florida increased from three to five during the comparatively short time this case was awaiting trial.

21. Most likely a considerable portion of plaintiff's customers, particularly those purchasing auto accessories, tires and the like, are transients traveling between points in Northern and Eastern United States to Florida; and from other States in the Southeastern part of the country, to Florida.

22. It is most probable that large numbers of persons thus traveling became acquainted with the Economy name and reputation and knew of plaintiff's methods of doing business.

23. Defendant concentrated its advertising upon the radio from two stations in Orlando, Florida, which have a range conflicting with the actual trade territories of several of plaintiff's associate member stores in Florida, and easily reaching tourists traveling upon the highways and stoping at various places in Florida.

24. Defendant has not only appropriated plaintiff's corporate name, but has also simulated the familiar semiscript in which it, and particularly "Economy" and "Economy Auto" is customarily written; and has also imitated the general outward appearances of plaintiff's stores, including basic color schemes.

Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. The names "Economy" and "Economy Auto" have acquired a secondary meaning with respect to plaintiff's stores and associate stores in so far as the general consuming public of Southeastern United States, the State of Florida, and Orlando and its vicinity are concerned.

3. The defendant's use of the names "Economy" and "Economy Auto" in connection with its store constitutes unfair competition with respect to the plaintiff.

4. The Economy name represents a valuable property right which right is entitled to protection as a matter of law.

5. The natural and contemplated expansion of plaintiff's business in the State of Florida disentitles defendant to use plaintiff's name there.

6. Plaintiff is entitled to a permanent injunction against the defendant, its agents, attorneys, and employees, restraining them from using the names "Economy" or "Economy Auto", or any name similar thereto, in any manner in connection with defendant's auto accessory and related business.