59 So.2d 20 (1952)
QUALITY COURTS UNITED, Inc.,
v.
JONES et al.
Supreme Court of Florida, Division A.
April 29, 1952.
Rehearing Denied June 12, 1952.
*21 J.B. Norman, Tampa, and Wallace E. Sturgis, Ocala, for appellant.
Patterson, Freeman, Richardson & Watson, Jacksonville, for appellees.
TERRELL, Justice.
Quality Courts United, Inc., a corporation exhibited its bill of complaint in the Circuit Court, the essential allegations of which are, (1) that it is a group of motor court operators organized to improve motor court business and facilities. (2) For this purpose plaintiff adopted an advertising emblem for use of the member courts of which there are now approximately 200 East of the Mississippi River. (3) That plaintiff is a nonprofit organization, that each member court displays its emblem on an expensive metallic sign in a conspicuous place and in addition to this, many of its members are indicated by the use of highway and entrance signs on which they are described as "A Quality Court" or "A Quality Motor Court", and that no other motor court was using the word "Quality" as an incident to advertising slogan when it was adopted by the plaintiff. (4) That plaintiff at great cost publishes annually guide books, listing its member courts and distributes them to the traveling public. That in 1940, 20,000 of these books were published and distributed but the number has increased from year to year so that in 1950 more than 1,000,000 copies were published and distributed, that in addition to guide books, an extensive advertising campaign by magazine and news articles has been carried on describing plaintiff's members as "Quality Courts". (5) As a result the word "quality" as used in connection with plaintiff's motor courts has acquired a secondary meaning, that the word "quality" is frequently used to designate members of the plaintiff and that defendant well knew that the word "quality" had acquired this secondary meaning.
In a former suit for similar purpose a consent decree was entered February 16, 1942 in which defendants were enjoined from using the name Quality Court Association, Inc., in promoting their business, said consent decree also required defendants *22 to change their name so as not to use the word "quality" except that the sign "Motor Court of Quality" could be used on condition that all the words be of equal prominence. Defendants then erected and maintained a large neon sign in front of their place with the following legend: "Dan Jones Motor Court, a Quality Motor Court", the word "Quality" being in orange, different from the other words in the sign, making it more conspicuous. The Master found this sign to be in violation of the consent decree. The bill prayed that defendants be enjoined from the use of the word "Quality" and from employing certain other practices in advertising their motor courts.
In their answer to the bill of complaint, defendants required proof of its allegations. The answer also charged the plaintiff with laches and alleged registration of the words "A Quality Motor Court" as a trade mark, asserting lawful right to use it as a slogan for advertising its business. A Master was appointed who took testimony and found the equities to be with the plaintiff, that plaintiff proved every material allegation of its bill of complaint and that the word "quality" took on a new and secondary meaning as applied to motor courts of complainant. The Master recommended a decree enjoining defendants from describing their business on any billboard, highway or entrance sign, or on any printed or advertising matter of any nature whatsoever, as "a quality motor court," or "A quality court", and from using the word "Quality" in describing their place of business in any manner which could be reasonably calculated to indicate their membership in "Quality Courts United, Inc."
The final decree in every particular approved the finding and recommendation of the Master. In broader terms it enjoined defendants from using any descriptive words which are calculated to or have the effect of causing any substantial portion of the public to believe that any motor court or similar hostlery owned or operated by defendants are members of "Quality Courts United, Inc.," or are endorsed by it. The final decree also enjoined defendants from describing their place of business on any billboard, highway sign, directional sign, entrance sign and any other type of sign as "A Quality Motor Court" or in any other words or language which imitates the name or emblem of "Quality Courts United, Inc."
On oral motion of defendants made several weeks after the final decree, the chancellor entered an order interpreting the word "Quality" as used therein to provide that defendants may "use the phrase", "A Court with Quality" in and about their said Motor Court or in the advertising thereof; Provided, however, that in the use of said words, defendants shall not give the word "quality" any additional prominence nor additional form of lettering, nor any special capitalization not employed in the preceding words, nor any significance that indicates association or connection with "Quality Courts United, Inc." This appeal is from the final decree and the decree made on oral motion attempting its interpretation of the final decree. The defendants filed cross-assignments of error.
The point for determination is whether or not the supplemental or interpretative decree had the effect of encumbering or destroying the benefits bestowed on the plaintiff by the final decree.
The gist of appellant's contention is that the words "Quality Courts" and "Quality Motor Courts" as applied to its business have acquired a secondary meaning as distinguished from their common or generic meaning, and that they have become and are generally accepted as words identifying those Motor Courts which are members of "Quality Courts United, Inc." Appellees contend on the other hand that even though it be assumed that the word "Quality" has been employed by appellants in such a way as to give it a secondary meaning, it does not follow that any further use of it by others engaged in the same business should be enjoined.
The query presented by the controversies is one of semantics. Can it be said that the supplemental decree authorizing defendants to employ the advertising emblem "A Court with Quality" or "Motor Court with Quality" had the effect of unduly encumbering or vitiating the benefits *23 of the final decree in favor of appellant? We think this question requires an affirmative answer. In the first place the final decree was in no sense ambiguous and did not call for clarification. It is perfectly clear from its terms that defendants were restrained from using the word "quality" in advertising their motor courts in such manner as to cause any substantial portion of the public to believe that said motor courts are owned and operated by Members of "Quality Courts United, Inc.," or are indorsed by it. It is equally as clear that the interpretative decree materially burdened if it did not dissolve this restraint.
In this holding we do not mean to infer that plaintiff has acquired a copyright on the word "quality" vesting it with the exclusive use of that term. What we hold is that appellant has employed the word "quality" in relation to his business so as to give its tourist accommodations a distinct and popular favor with the public which it has a right to preserve. When one has employed an emblem or a legend so as to make it a symbol for a public desire and by acts of courtesy fortifies it with good will, it becomes an elemental part of his business that the law will protect. Many of the great businesses of the country have been built on slogans and symbols that point to superior goods or to superior performance. The volume of good will accumulated with such businesses is one of their most valuable assets. The word "quality" as applied to appellant's courts was such an asset.
It is a matter of common knowledge that the better constructed motor courts have by acts of courtesy, proper advertising and kindly advances to the public, built up a large clientele and their location is spotted by a catch word or slogan much after the pattern of that involved here. When a motor court has become known by a distinctive slogan or emblem, other operators should not be permitted to appropriate it or any semblance of it that will confuse the public. The Master and the Chancellor found that "quality" was characteristic of appellant's courts, that by persistent advertising and public favor appellants had made them so, and that by reason of which they were entitled to the shield of protection. We find ample support for the final decree.
It is accordingly affirmed and the explanatory decree is reversed.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.