67 So.2d 215 (1953)
FLORIDA VENTILATED AWNING CO., Inc. et al.
v.
DICKSON et al.
Supreme Court of Florida, Division A.
July 28, 1953.
Rehearing Denied October 2, 1953.
*216 George A. Brautigam, Miami, Hylan H. Kout and Montague Rosenberg, Miami Beach, for appellants.
Robert H. Givens, Jr., Miami, for appellees.
TERRELL, Justice.
Appellees filed their bill of complaint, praying that appellants be enjoined from using the expression "Ventilated Awning" or from using the picture of plaintiff's product or its features, layout, phrases, terminology or checklist to advertise or display their product. The bill also prayed for an accounting and damages inflicted on plaintiff by the defendants for infringing on their franchise. On final hearing the chancellor found for the plaintiffs and granted the injunction, but denied the prayer for accounting and damages. The defendants have appealed.
The real point for determination is whether or not the descriptive term "Ventilated Awning" or "Ventilated Awning Shutter" may acquire a secondary meaning by reason of its use as such and may such descriptive term be protected from infringement by others to advertise and market a similar product.
Plaintiffs are engaged in the business of manufacturing and selling ventilated awnings, the unique feature of which is their construction by double layers of overlapping slats in the top and sides so placed as to permit free circulation of the air. They hold an exclusive franchise to manufacture and sell these awnings in Dade and a number of counties nearby. Plaintiffs acquired from their predecessors all their assets, good will and the right to manufacture and sell said awnings under their franchise, including their right, title and interest in the trade name "Ventilated Awning". They then registered their firm name, "Miami Ventilated Awning Shutter Company" with the Clerk of the Circuit Court of Dade County. For several years prior to January, 1952, no other company in the counties covered by complainants' franchise had used the expression "Ventilated Awning" or "Ventilated Awning Shutter" as part of its name or as a trade name. During this time complainants and their predecessors had spent approximately $100,000 to advertise and market their product. In all their advertisements they used the expression "Ventilated Awning" or "Ventilated Awning Shutters" to describe their awnings. They employed certain distinctive features, formats, ribbons, checklists, phrases and appropriate expressions to describe and identify their product. During this time they installed in Dade and surrounding counties 50,000 awnings and awning shutters.
*217 Because of extensive sales, advertising and distinctive features, including the patented ventilation feature, the expression "Ventilated Awning" and "Ventilated Awning Shutters" acquired in the minds of the public a special or secondary meaning, that distinguished them as made and sold exclusively by the plaintiffs. In January, 1952, defendants, former employees of the plaintiffs, familiar with the product manufactured by the plaintiffs, its advertising trade secrets and practices, formed a new company and placed on the market an awning similar in design and appearance to that made and sold by plaintiffs. They advertised them as "Ventilated Awnings" and conducted a general advertising compaign to sell them, in which they employed the identical features, formats, ribbons, checklists, phrases and expressions which complainants had used for years in advertising and marketing their awnings.
In his final decree the chancellor made findings of fact not materially different from the foregoing recitals and concluded that as a matter of law the defendants were guilty of unfair competition and infringement on the franchise of the plaintiffs. He permanently enjoined them from using the words "Ventilated Awnings," "Ventilated Awning Shutters" or "Ventilated" to describe or identify the awning shutters manufactured and sold by them. He further enjoined them from using any picture or sketch, display, checklist, format or other device for advertising their product which conveys the impression that the awnings made and sold by defendants are ventilated awnings or that they have any relationship or connection with those made and sold by the plaintiffs.
We think this state of facts warranted the chancellor's conclusion. The phrase "Ventilated Awning" had been displayed and employed by appellees in dispensing their awnings to such an extent that it was symbolic of the article they were offering the public. When a product has become known by a distinctive emblem, sign or name and the producer has by his labor and expenditure of large funds, created such a characterization to identify it, he is entitled to have it protected. Quality Courts United, Inc., v. Jones, Fla., 59 So.2d 20; Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A.L.R. 698; Economy Auto Stores, Inc., v. Economy Auto Supply Stores, Inc., D.C., 90 F. Supp. 616.
The term "Ventilated" when prefixed to the word "Awning" gave it a distinctive feature which added to it a material selling and value quality. The public knew it by that name. It gave the product distinct and popular favor with the public. It was sufficient to incur the shield of protection. Defendants not only appropriated the plaintiffs' name, but employed its catchwords, features, formats, checklists, phrases, and other indicia to advertise and place its product before the public. The fact that "Ventilated" and "Awning" were words in common use is not material. The environment in which they were placed and made to symbolize the plaintiff's article is what gave them a peculiar value to the plaintiffs and warranted the injunctive order.
The only other question necessary to explore is whether or not the chancellor erred in refusing plaintiffs damages for loss of profits, incident to defendants' infringement on their franchise.
This question was raised on the cross-appeal. The chancellor found that during the first half of the year 1952, defendants sold a great many awnings that the plaintiffs would have sold except for infringement. He also found that the plaintiffs had spent large sums in royalties for the privilege of producing and selling "Ventilated Awnings" during the period. Except for the deceptive practices of defendants, plaintiffs would have profited materially from these sales, but from the evidence as a whole, like the chancellor, we are unable to point out sufficient predicate on which a definite sum could be awarded. Any sum we awarded would be pure speculation. There must be something to authorize or justify a definite amount in damages *218 before it can be awarded. The chancellor so found and we think he was correct. We do not think there is sufficient showing for an award of exemplary damages.
It results that the judgment appealed from is affirmed as to the appeal and the cross-appeal.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.