CARROLL, CHAS., Judge.
The appellees Miami Ventilated Awning Mfg. Co., Inc., Miami Ventilated Awning Shutter Co., Inc., and Miami Ventilated Awnings of Ft. Lauderdale, Inc., who were the plaintiffs below, sued Storm King Air-Vent Awnings, Inc.,[1] for infringement of trade name and unfair competition and obtained a summary final decree enjoining the defendant corporation from:
“(a) using the expressions ‘ventilated awning’ and ‘ventilated awning shutter’ or the word ‘ventilated’ in, or in connection with, their tradename or trademark to describe or to identify any awning or awning shutter manufactured or sold by said defendant;
“(b) using in their displays, newspaper advertisements, television adver *583 tisements, pamphlets or other advertising media, the expression ‘the awning shutter with the ventilated top’;
“(c) using in their displays, newspaper advertisements, television advertisements, pamphlets or other advertising media, any picture or sketch of an awning with arrows pointing through the top of said awning or any other picture or sketch of an awning which conveys the impression that the awning manufactured by the defendant is the same awning as the ‘ventilated awning’ manufactured and sold by plaintiffs.”
The parties are manufacturers and sellers of ventilated awnings or awning shutters. They are made with double layers of overlapping slats, so placed as to permit free circulation of the air.
Our disposition of this case is facilitated by decisions of the Supreme Court in two earlier cases brought by appellees or their predecessors in the manufacture and production of the awnings in question. See Florida Ventilated Awning Co. v. Dickson, Fla.1953, 67 So.2d 215, and Rimmeir v. Dickson, Fla.1955, 78 So.2d 732. In discussing these cases we will refer to the former as the first injunction case and to the latter as the second injunction case.
In the first injunction case the manufacturer of these ventilated awnings established that the expression “Ventilated Awnings” and “Ventilated Awning Shutters” had acquired a special or secondary meaning in the minds of the public that distinguished them as being sold by plaintiffs. It was there held that the plaintiffs were entitled to protection by injunction to restrain a competitor from using those expressions as names of their awnings or shutters, or from imitating the advertising format of the plaintiffs so as to mislead the public into the belief that the defendants’ products were in fact those of the plaintiffs.
In 1953, when the first of the above cited injunction cases was decided, the ventilated awning which was manufactured and sold by the plaintiffs in that case, and which we have described generally here-inabove, was a patented item and not available to manufacture by competitors. Therefore, the awnings or awning shutters which the court found the public had come to know when described as “Ventilated Awnings” or “Ventilated Awning Shutters,” were those made and sold by the plaintiffs in that case.
The patent expired in February of 1954, permitting others to manufacture and sell the products, which, when described formerly as ventilated awnings, were recognized by the public as being only those produced by plaintiffs. With the ending of the patent, and the cessation of its monopoly, there passed to the public, not only the right to make the awning as it was made during the patent period, but also the right to apply thereto the designations by which it had become known. See Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118; Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; 3 Callman, Unfair Competition and Trade-marks, § 74.3(c) (2d ed. 1950).
In the second case the Supreme Court dealt with an injunction closely similar to the one involved in this suit. The provisions of the injunction in the Rimmeir case which the Supreme Court found objectionable were [78 So.2d 732] :
“ ‘(a) using the word “ventilated”, or any word similar thereto or having the same root, in their trade name or in their trademark;
“‘(b) using the expressions “ventilated awning” and “ventilated awning shutter” or the word “ventilated” to describe or to identify any awning or awning shutter manufactured or sold by said defendants;’ ”
In that second injunction case, with reference to the provisions in the above quoted paragraph (a), the Supreme Court *584 affirmed the injunction against use of the word “ventilated” in the trade name or trademark, but reversed the provision of that paragraph of the injunction which restrained the use of the root word “vent” for trade name or trademark purposes. Also, in that case, the Supreme Court reversed the injunctive provision contained in above quoted paragraph (b) which restrained the use of the expressions “ventilated awning,” “ventilated awning shutter” or “ventilated” to describe or identify the product manufactured and sold by the defendants there.
Directing our attention now to paragraph (a) of the injunction decree in the instant case, it is observed that it combines in one sentence the restraint against using “ventilated” expressions or words in a trade name or trademark (which was contained in paragraph (a) of the injunction in the Rimmeir case) with restraint against using said expressions to describe or identify the awnings manufactured or sold by the defendant (which was held improper as contained in the injunction paragraph (b) in the Rimmeir case). The provisions of the injunction which we are now discussing, contained in paragraph (a) of the injunctive order, are as follows:
“(a) using the expressions ‘ventilated awning’ and ‘ventilated awning shutter’ or the word ‘ventilated’ in, or in connection with, their tradename or trademark to describe or to identify any awning or awning shutter manufactured ór sold by said defendant;”
We affirm that part of the above quoted paragraph (a) which enjoins use of the expressions “ventilated awning,” “ventilated awning shutter” or “ventilated” in the defendant’s trade name or trademark, but we reverse the provisions therein which restrain the use of “ventilated awning,” “ventilated awning shutter,” or “ventilated” in connection with but not as a part of the trade name or trademark, and which restrain the use of said words or expressions by the defendant for the purpose of describing or identifying its products. Accordingly, the said paragraph (a) of the injunctive portion of the decree is modified to eliminate the portion above stated to be reversed, by deleting therefrom the words “or in connection with” and the words “to describe or to identify any awning or awning shutter manufactured or sold by said defendant.” Thus amended, paragraph (a) of the injunctive portion of the decree will read: “(a) using the expressions ‘ventilated awning’ and ‘ventilated awning shutter,’ or the word ‘ventilated’ in their trade name or trademark.”
We hold also that the court erred by unduly restricting the defendant in describing its products in advertising, and we therefore reverse the injunctive provisions as contained in paragraphs (b) and (c) of the injunction decree in this case.
Use by the defendant of the same or similar adjectives or descriptive phrases in advertising its product, as those used by the plaintiffs in advertisements describing such product, was not subject to injunction in this case, because the different names used by the parties, and different appearance of their advertisements were such that they could not reasonably be expected to confuse or mislead the public into thinking that the defendant’s advertisements were those of the plaintiffs, or that the product being advertised was not manufactured and sold by the defendant but by plaintiffs.
The advertisements of both parties described the products as being ventilated awnings or ventilated, and included the phrase “the awning shutter with the ventilated top,” and both had lines or arrows indicating that air could circulate upward through the awnings or awning shutters. But the advertisements of the parties as shown in the record were distinguishable and dissimilar. In fact, the defendant’s advertisement was distinctive by referring to its product as “Storm King”, displaying a drawing of the “storm king” puffing wind at an awning", with the arrows then showing the circulation of the air up. *585 through the awning. The case is distinguishable from the first injunction case cited above, in which it was found that there was an attempt to imitate the plaintiff’s advertisements for the purpose of deceiving the public.
The decree appealed from is affirmed in part and reversed in part and modified.
HORTON, C. J., and PEARSON, J., concur. .

. Subsequent to the decree and during the pendency of this appeal an order was macle substituting the trustee in bankruptcy for the appellant-defendant.