PER CURIAM.
The appellant’s ultimate cause of action before the trial court sought an injunction for unfair competition in the publication of a periodical, by the use of a trade name “Patria.” The trial court entered a summary judgment based upon a finding that the word “patria” was generic and not subject to exclusive use, plus the use of same had been “abandoned” by both parties and therefore the matter was moot. We reverse.
First, the name “patria”, which in Spanish means “homeland”, is not subject to being found to be generic as a matter of law. Florida Ventilated Awning Co., Inc. v. Dickson, 67 So.2d 215 (Fla.1953); Quality Courts United, Inc. v. Jones, 59 So.2d 20 (Fla.1952); American Bank of Merritt Island v. First American Bank and Trust, 455 So.2d 443 (Fla. 5th DCA 1984); Williamson v. Answer Phone of Jacksonville, Inc., 118 So.2d 248 (Fla. 1st DCA 1960). Second, the record discloses material issues of fact on abandonment by the parties, and therefore it was error to enter a summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985); Florida East Coast Railway Company v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983); Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981).
The matter is returned to the trial court for further proceedings.