593 So.2d 574 (1992)
PATRIA PUBLICATIONS, INC., A Florida Corporation, Appellant,
v.
Eladio ARMESTO and Periodico Patria, Inc., A Florida Corporation, Appellees.
Nos. 91-286, 91-827.
District Court of Appeal of Florida, Third District.
February 4, 1992.
Rehearing Denied March 17, 1992.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Castillo, Schweiger & Stafford and Angel Castillo, Jr., Coral Gables, for appellees.
Before JORGENSON, LEVY and GODERICH, JJ.
GODERICH, Judge.
The plaintiff, Patria Publications, Inc., appeals from a final judgment denying its request for an injunction against Eladio Armesto and Periodico Patria, Inc. [collectively referred to as "the defendants"]. We affirm. The defendants cross appeal the denial of their request for attorney's fees made pursuant to section 772.11, Florida Statutes (1987). We also affirm.
Alberto Rodriguez began to publish and distribute a newspaper named "Patria" to the Cuban exile community in 1959. Rodriguez continued to publish this newspaper through several corporations throughout the years. In 1985, Rodriguez was indicted for trafficking in cocaine. Rodriguez was sentenced and eventually went to jail in January, 1987.
In January, 1986, according to Armesto, he and Rodriguez entered into an agreement whereby Rodriguez sold Armesto the name "Patria" for fifteen thousand dollars ($15,000.00) to be paid at a later date. Armesto contends that Rodriguez stopped publishing the newspaper in early 1986 and that he paid a total of $16,613.09 from January through November 1986. On August 12, 1986, Armesto incorporated Periodico Patria, Inc.
On August 31, 1987, Patria Publications filed an action seeking an injunction to restrain the defendants from using the name "Patria" on the newspaper that they were publishing. The parties agree that they did not publish the newspapers at the same time. The trial court granted the defendants' motion for summary judgment. However, this court reversed the summary judgment and remanded the action to the trial court for further proceedings. Patria Publications, Inc. v. Armesto, 542 So.2d 1054 *575 (Fla. 3d DCA 1989). After a non-jury trial, the trial court found that there was no actual use by the corporate entity, Patria Publications, of the trademark "Patria" and, therefore, Patria Publications never gained any right to the trademark. Moreover, the trial court found that when Rodriguez attempted to transfer his corporation's trademark to Armesto, that act constituted an abandonment of the trademark and an appropriation by the defendants. Patria Publications appeals.
Upon the conclusion of the trial, the defendants moved for an award of costs and attorney's fees under section 772.11 on the grounds that Patria Publications had pursued a civil theft claim against the defendants which lacked either legal or factual substance. The trial court denied the motion. The trial court determined that "the factual events upon which the plaintiff asserted its civil theft claim in this action took place prior to October 1, 1986, the effective date of section 772.11, Florida Statutes (1987), and the said statutory provision cannot be applied retroactively in this action so as to award attorney's fees to defendants." The defendants appeal the denial of attorney's fees.
Patria Publications contends that the trial court's findings are not supported by the evidence. We disagree and find that the trial court's findings are supported by competent, substantial evidence. See Marsh v. Marsh, 419 So.2d 629 (trial court's findings of fact presumed correct), review dismissed, 427 So.2d 737 (Fla. 1982); Marrone v. Miami National Bank, 507 So.2d 652 (Fla. 3d DCA 1987) (substantial evidence supported trial court's finding); Rollins v. Phillips, 444 So.2d 1160 (Fla. 3d DCA 1984) (although much of evidence is conflicting, record contained sufficient evidence to sustain judgment).
The only way we could reverse the trial court's judgment would be by reevaluating the testimony and evidence presented to that court. This court is not permitted to reweigh the evidence. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); Froman v. Froman, 458 So.2d 833 (Fla. 3d DCA 1984). Accordingly, we affirm the trial court's final judgment.
The defendants cross-appeal contending that the trial court erred in ruling that it would not apply section 772.11 to this action. The trial court refused to apply the statute because it found that the events leading up to the alleged civil theft claim took place prior to October 1, 1986, the effective date of the statute; the trial court also found that applying this statute would have constituted an improper retroactive application of the statute. We agree. The drafters of the house bill enacting section 772.11 stated that the act should "apply to all civil proceedings commenced on or after October 1, 1986". 1986 Fla. Laws 2033, 2038-39. The statute cannot be applied retrospectively; it may only be applied prospectively. Therefore, we affirm the trial court's findings.
Affirmed.