HORTON, Judge.
Appellants, defendants below, seek review of an adverse final judgment by default which was entered consequent upon their failure to attend and submit themselves for depositions upon oral interrogatories after being duly served with notice pursuant to the Florida Rules of Civil Procedure. The judgment was entered under the aegis of Rule 1.31(d), Florida Rules of Civil Procedure, 30 F.S.A., and based solely upon the complaint- and certain exhibits attached thereto. No other proof of damages was evident or offered.
The complaint alleged that the parties entered into a written contract under the terms of which the appellees paid the appellants $25,000 in return for a deed representing a Y& interest in certain real property. The appellees failed to record the deed. It further alleged that, notwithstanding the agreement, the appellants sold the property to third parties and refused to recognize the appellees’ claim for a J4 interest in the proceeds of the sale. Attached to the complaint were a copy of the contract, a copy of the deed from the appellants to the appellees, and four deeds from the appellants and others to purchasers of the real property. There appeared on the face of the various deeds documentary stamps which, the appel-lees contend, placed the sale value of the property at $261,500, of which the appellees were entitled to or $32,700. The judgment appealed was for that amount plus interest and costs.
The appellants contend that their failure to appear for deposition was not shown to be “willful” so as to permit the entry of a default under Rule 1.31(d), supra. A review of the record in the light of the briefs and oral argument impels us to the conclusion that this contention is without merit, no abuse of discretion having been made to appear. See City of Miami Beach v. Wolfe, Fla.1955, 83 So.2d 774, 775.
Appellants further contend that the judgment appealed was not supported by sufficient proof of damages. We agree. The appellees argue strenuously that the amount of the claim was liquidated and that therefore they were entitled to a judgment pursuant to § 50.11, Fla.Stat., F.S.A. It is true that the claim sued upon arose out of a written contract but it was not for the payment of a stipulated sum of money. The fact that deeds of conveyance to the pur *355 chasers bore documentary stamps reflecting a purchase price of $261,500 would not, without more, be sufficient to support the entry of the judgment for damages. At least two of the exhibits attached to the complaint indicate that some of the property was sold subject to existing mortgages. Although based upon a written instrument, this claim requires further proof of the damages actually sustained. The trial court should, upon the remand of this case, proceed in accordance with the principles set out in White v. Spears, Fla.App.1960, 123 So.2d 689, and cases cited therein.
Accordingly, the judgment appealed is affirmed insofar as it finds the. appellants to be in default, and reversed insofar as it purports to assess damages. The cause is remanded for the assessment of damages in a manner not inconsistent with the views herein expressed.
Affirmed in part, reversed in part and remanded with directions.