PER CURIAM.
This is an appeal from a final judgment entered in favor of the plaintiff after a non-jury trial. Counsel for both parties agreed to a stipulation which waived testimony and submitted the facts to the trial court for its decision.
Defendant-appellant urges that the evidence is insufficient to support the judgment. Considering the sort of record we have just described, we find that it supports the judgment for the plaintiff except as to the amount of damages. It appears that the plaintiff and the court overlooked the fact that in an action for fraud and negligence (plaintiff announced that he was proceeding under both theories), proof of actual damages is necessary. Florida Ventilated Awning Co. v. Dickson, Fla.1953, 67 So.2d 215; also see Miami Beach Lerner Shops, Inc. v. Walco Manufacturing of Florida, Inc., Fla.App.1958, 106 So.2d 233.
Ordinarily, a failure to prove damages would be fatal to recovery. Kay v. Swimmer, Fla.App.1963, 151 So.2d 353; Berwick Corp. v. Kleinginna Investment Corp., Fla.App.1962, 143 So.2d 684. However, since the informal nature of the trial was occasioned by the earnest desire of counsel to save the court’s time and hasten consideration of the case, we hold that this judgment should be reversed for a new trial on the issue of damages only.
The judgment is reversed insofar as damages are concerned, and the cause is remanded with directions to conduct a trial on the issue of damages only.
Reversed and remanded with directions.