275 So.2d 291 (1973)
SYNTHETIC ENVIRONMENTAL DEVELOPMENT CORP., and Robert N. Procup, Appellants,
v.
Alfred SUSSMAN and Stella Sussman, His Wife, Appellees.
No. 72-1219.
District Court of Appeal of Florida, Third District.
March 13, 1973.
Rehearing Denied April 18, 1973.
Edwards Lee Church, Fort Lauderdale, for appellants.
Miller & Russell, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
This interlocutory appeal is by the defendants below from an order denying their motion to vacate a default judgment.
The appellees filed a complaint against the appellants, in one count of which damages were sought against the corporate defendant for alleged breach of an oral contract for construction by the corporation of a residence on property of the plaintiffs. By a second count damages were sought against the individual defendant Procup, alleging he was the president and major or sole stockholder of the defendant *292 corporation, and that he had fraudulently induced the plaintiffs to enter into the oral contract with the corporation. An answer and counterclaim was filed by the defendants.
After a number of proceedings in the cause not necessary to be outlined here, an order was entered on March 14, 1972, which contained the following provision: "Defendant may be duly noticed for deposition and shall appear therefor within ten (10) days after date hereof." The plaintiffs did not notice the defendant Procup for a deposition to be taken within ten days from the date of that order, but did, within said ten-day period, on March 20, notice said defendant (individually and as an officer of the corporation) to appear on March 28, 1972, for the taking of his deposition.
Thereafter, on motion of the plaintiff the court entered an order striking the pleadings of the defendants and entering default against them on the stated ground of violation of the order to appear for deposition. Later, without notice to defendants, who had demanded jury trial, a trial was held on damages and final judgment was entered granting judgment against the defendants in the amount of $9,335.40 plus certain costs.
Subsequently the defendants filed a motion to vacate the judgment. Therein it was contended the final judgment of May 24, 1972, was entered by the court inadvertently, because it was entered within fifteen days after the court by an order had allowed counsel for the defendants to withdraw and had given the defendants fifteen days from May 10, 1972, to obtain new counsel. As a second ground of the motion to vacate it was contended the prior order for appearance for deposition had not been violated. The court denied the motion to vacate, and this appeal followed.
On consideration of the record, briefs and argument of counsel we find no reason sufficient in law has been shown to disturb the order appealed from. Regarding the earlier order which provided for notice of a deposition for which Procup should appear within ten days from the date of the order, an ambiguity was presented. Appellants would construe the order to provide that Procup could be noticed for a deposition to be held within ten days after the order, and therefore that when noticed for a deposition to be held beyond that time, his failure to appear, if it occurred, was not a violation of that order. The court appears to have construed its order to provide for the giving of notice within ten days of a deposition to be taken some time later, and therefore that failure of Procup to appear in response to such notice was a violation of the order. Without need to choose between those interpretations of that order, the subsequent order of the court striking the pleadings of the defendants and entering default against them is supportable likewise under Rule 1.380(d) FRCP, 30 F.S.A. as being a sanction authorized thereby to be imposed by the court upon failure of a party to respond to a notice for the taking of his deposition.
A contention of the appellants that the judgment should have been set aside because they were not given notice of the hearing or trial for the establishment of damages after the order granting default, is without merit. Such notice, which formerly was required when unliquidated damages were involved, may now be dispensed with by a trial court, based on the decision of the Supreme Court in Stevenson v. Arnold, Fla. 1971, 250 So.2d 270, so construing Rule 1.500(e) FRCP, 31 F.S.A.
Affirmed.