345 So.2d 348 (1977)
FORT PIERCE TOYOTA, INC., and Richard Raffo, Appellants,
v.
Donald WOLF, Appellee.
No. 76-398.
District Court of Appeal of Florida, Fourth District.
April 1, 1977.
Rehearing Denied May 25, 1977.
Philip G. Nourse, and Frank Fee, Fee, Parker & Fee, Fort Pierce, for appellants.
Lee E. Muschott, and John T. Brennan, Smith & Brennan, Fort Pierce, for appellee.
PER CURIAM.
Appellant-defendants, Fort Pierce Toyota, Inc., and Richard Raffo, appeal final *349 judgment entered in favor of appellee-plaintiff, Donald Wolf, in an action seeking compensatory and punitive damages for breach of contract on stopping payment on a check. At conclusion of trial by jury, a verdict was returned awarding both compensatory and punitive damages in favor of Donald Wolf and against Richard Raffo. Final judgment was subsequently entered by the trial court. Thereafter, by separate order, the trial court denied appellee's motion to tax interest on the amount set forth in the check, which was awarded by the jury, from the date of the check to the date of final judgment. Hence this appeal and cross-appeal.
Upon consideration of the record, testimony, briefs and arguments of counsel for the respective parties, we determine the trial court erred in entering final judgment for punitive damages as there is no evidence to support the award of punitive damages. We further determine that the trial court erred in not taxing interest on the amount of the check from the date thereof to date of final judgment as the face amount of the check was for a liquidated sum.
Accordingly, that part of the final judgment awarding punitive damages is reversed. In all other respects the final judgment is affirmed.
The order disallowing interest on Twenty-four Thousand Five Hundred Dollars ($24,500), the amount of the check, from the date of the check to date of final judgment is reversed.
The cause is remanded for entry of an appropriate judgment consistent with the views herein expressed.
Affirmed in part; reversed in part and remanded, with instructions.
CROSS, ANSTEAD and LETTS, JJ., concur.