374 So.2d 537 (1979)
OVERSEAS EQUIPMENT CO., INC., Appellant,
v.
ACEROS ARQUITECTONICOS, Rivera E. CIA., Ltd., et al., Appellees.
No. 78-1992.
District Court of Appeal of Florida, Third District.
July 3, 1979.
Rehearing Denied September 12, 1979.
*538 Horton, Perse & Ginsberg, Miami, for appellant.
Grable & Diequez, Hialeah, Podhurst, Orseck & Parks and Walter H. Beckham, Jr., and Michael Olin, Miami, for appellees.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
PER CURIAM.
Plaintiff agreed to buy certain equipment for defendant-appellant; made payments therefor, but received less than ordered or not as represented or, in some instances, no delivery. The defendant refused to either deliver the balance of the equipment or return the monies paid.
Plaintiff brought a breach of contract action on invoices representing the purchases and sales, and concluded the complaint with what it claims is a count for conversion, in words and figures as follows:
"COUNT IX
"All prior allegations are hereby realleged and Plaintiffs further avers as follows:
"36. The acts of the Defendant in refusing to deliver the equipment, in not sending the equipment called for, in not returning the money, were all done with the intent to permanently convert and to deprive Plaintiffs of said money and property and further, all of said acts were done with fraudulent intent and maliciously and wilfully."
.....
The defendant's answer was stricken and default was entered against the defendant for failure to comply with pre-trial discovery. Thereafter, the cause came on for trial non-jury. The trial court awarded $20,000.00 compensatory damages on the breach of contract counts and $50,000.00 punitive damages on the conversion count. He did not find, as a separate element of damages, any compensatory loss under the conversion count; this would have to be the same compensatory damages given under the breach of contract counts.
This appeal ensued, the appellant contending that the trial court abused its discretion in the severity of the sanctions imposed for failure to make discovery. We affirm on this point. The actions of the defendant, through its representatives, was a flagrant violation[1] of the rules, and we find no abuse of discretion in the trial judge's ruling on this matter. Kay v. Swimmer, 151 So.2d 353 (Fla. 3d DCA 1963); Synthetic Environmental Development Corp. v. Sussman, 275 So.2d 291 (Fla.3d DCA 1973); City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla.3d DCA 1975).
The appellant also contends that there was no independent tort of conversion; that this was simply a breach of contract action. We agree, and reverse the *539 award of punitive damages. Punitive damages cannot stand without at least a nominal compensatory award. McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221 (1943); LeJeune Road Hospital, Incorporated v. Watson, 171 So.2d 202 (Fla.3d DCA 1965); Miami National Bank v. Sobel, 198 So.2d 841 (Fla.3d DCA 1967); Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975); Lassiter v. International Union of Operating Engineers, Local No. 675, 349 So.2d 622 (Fla. 1976).
The plaintiff recovered for compensatory damages under the breach of contract counts. There were no additional facts, other than those presented under the breach of contract claims, which would have established any additional compensatory loss under the conversion count and, therefore, we find no basis for a conversion as an independent tort under the circumstances of this case. See: Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1975), where the Supreme Court of Florida first pronounced that a tort action would lie as well as a breach of contract action, but clearly noted in that opinion that the plaintiff was seeking compensatory damages for the tort beyond any nominal damages for breach of his lease. In Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla.3d DCA 1969), the $1,000.00 recovery as compensatory loss could also have included, in addition to loss under the breach of contract count, compensatory loss under the fraud count. The opinion of this court is not clear on this point. In American International Land Corporation v. Hanna, 323 So.2d 567 (Fla. 1975), the Supreme Court did not allow a count for fraud and deceit to stand in addition to breach of contract counts, because all the elements of the cause of action were not pleaded specifically including injury to the plaintiff.
In the instant case, the alleged conversion count is woefully deficient in alleging facts to show either a conversion or injury. In Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976), the Supreme Court held that to recover for punitive damages in a tort as an independent cause of action, in addition to breach of contract, "an intentional wrong" must be alleged. See, also Fort Pierce Toyota, Inc. v. Wolf, 345 So.2d 348 (Fla.4th DCA 1977), which clearly indicates that a voluntary action of stopping payment on a check will not alone support a claim for intentional wrong to support a punitive damage award, in addition to a compensatory award for the loss of proceeds of the check. Plaintiff's Count IX was deficient in allegations of an independent tort. The proof failed to establish any compensatory or nominal loss to the plaintiff under this alleged cause of action and, therefore, the punitive damage award cannot stand.
Affirmed in part; reversed in part.
NOTES
[1] Defendant failed to produce certain documents, notwithstanding several requests for production and a court order to produce. Defendant's manager (Richard Gellman) failed to permit taking of his deposition, notwithstanding being noticed several times for deposition and being ordered by the trial court to submit to deposition.