372 So.2d 1173 (1979)
Nancy RAFFA, Appellant,
v.
The DANIA BANK et al., Appellees.
No. 78-957.
District Court of Appeal of Florida, Fourth District.
July 18, 1979.
Rehearing Denied August 1, 1979.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellant.
Clark J. Cochran, Jr., of Hainline & Billing, P.A., Fort Lauderdale, for appellee.
BERANEK, Judge.
Plaintiff/appellant sued appellee, a bank, for the wrongful conversion of plaintiff's car. This is the second appearance of this controversy before this court. See Raffa v. Dania Bank, 321 So.2d 83 (Fla. 4th DCA 1975).
The case was tried on conflicting evidence before a jury on the claim of wrongful conversion and compensatory and punitive damages. At the conclusion of the trial the jury returned the following verdict:

*1174 "VERDICT
"WE, THE JURY, find for the Plaintiff, NANCY RAFFA, and assess her damages against the Defendant, THE DANIA BANK:
 Compensatory $NONE 
 Punitive $25000.00 
 "SO SAY WE ALL.
 "DATED this 7th day of March, 1978.
 (Signature). 
 FOREMAN"
The defendant filed a motion for judgment in accordance with its prior motion for directed verdict and a separate motion for new trial based on an alleged impropriety in the verdict. The court initially entered final judgment in plaintiff's favor for $25,000 punitive damages. Subsequently, the court reversed itself and granted the motion for judgment in favor of defendant in accordance with defendant's prior motion for directed verdict. Final judgment was entered in favor of defendant against the plaintiff. Defendant's motion for a new trial was never ruled upon in view of the grant of the motion for directed verdict.
The law is well settled that punitive damages require an underlying award of compensatory damages. McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943); Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA 1978). A verdict which finds no compensatory damages whatsoever and punitive damages of $25,000 is within this prohibition. At trial neither plaintiff nor defendant asked to have this improper verdict corrected while the jury was still impaneled and might have done so. Also, no party asked for an instruction to the effect that punitive damages could not be assessed without at least a finding of some compensatory damages nor did any party ask for an instruction to the jury on nominal damages.
On appeal plaintiff/appellant seeks to have the $25,000 punitive damages judgment reinstated and the defendant seeks affirmance of the directed verdict eventually entered in its favor. It should be noted that the defendant's directed verdict was not the result of the impropriety of the verdict. It was instead based on the trial court's finding that plaintiff's proofs had been lacking.
We hold the directed verdict in favor of the defendant to be erroneous. The jury found in favor of plaintiff on the issue of liability and there was evidence which, if believed, supported this verdict of liability. We thus reject defendant's contention and find the evidence was sufficient to support the jury's verdict on the issue of liability in favor of plaintiff. Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979).
We also cannot accept plaintiff/appellant's position that the correct disposition of this matter is to reinstate the $25,000 punitive damages. Such a disposition would violate the established law previously stated to the effect that punitive damages may not be assessed without a finding of compensatory damages. We, therefore, cannot condone a judgment based on an improper and inconsistent verdict absent some showing that defendant waived the right to complain about the improper verdict. Since the defendant filed both a motion for judgment in accordance with its motion for directed verdict (improperly granted by the trial court) and a motion for new trial based solely on the impropriety of the verdict there has been no waiver. The trial court never ruled upon the motion for new trial because a ruling was unnecessary in view of the action in granting the directed verdict. We do not find the absence of such a ruling to constitute a waiver of the motion for new trial on defendant's part.
Based on the above, we hold the trial court erred in granting defendant's motion for judgment in accordance with its motion for directed verdict and entering judgment thereon. This judgment is vacated and the matter remanded to the trial court with directions to grant the motion for new trial filed by the defendant.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and DAUKSCH, JJ., concur.