380 So.2d 452 (1980)
AMERICAN MOTORCYCLE INSTITUTE, INC., Appellant,
v.
Edna MITCHELL, Appellee.
No. LL-193/T1-8.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
On Rehearing February 27, 1980.
*453 Richard Kane, Daytona Beach, and Wilson W. Wright, Tallahassee, for appellant.
Paul Bernardini, Daytona Beach, and Cynthia S. Tunnicliff, of Spector & Tunnicliff, P.A., Tallahassee, for appellee.
COBB, Judge.
The appellee, Mitchell, plaintiff in the trial court, entered a contract in 1974 with the appellant, American Motorcycle Institute, Inc. (hereinafter designated AMI), whereby she was to procure student enrollments for AMI's school of instruction and AMI was to supply her leads for potential enrollees. For this, she had to pay a fee and purchase certain scholarships to the school.
Various representations to induce plaintiff to enter the license agreement were made regarding potential income, number of established personnel, commission divisions in exclusive territory, monetary value of the scholarships, the production records of other licensees, training programs and future building plans. There was evidence at trial that several of these representations were false.
In 1975, the furnished leads decreased and they stopped altogether in 1976. Plaintiff could never make the required monthly quota, and her gross earnings in 1974, 1975 and 1976 were minimal in comparison with the suggested potential figures.
Plaintiff filed a complaint seeking compensatory damages for breach of contract and, in a second count, punitive damages for fraud and deceit, the latter count predicated on fraudulent inducement to enter the contract initially.
At trial, the jury returned a verdict of $10,000 for compensatory damages for breach of contract under Count I, and a verdict of $50,000 for punitive damages for fraud under Count II. There was no consideration by the jury of compensatory damages in regard to Count II.
On appeal, AMI contends that the trial evidence was insufficient to sustain a finding of fraud and that the amount of punitive damages is unconscionable. These contentions are without merit. In regard to the latter, we note that Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978) has greatly circumscribed the discretion previously available to a trial court in granting a new trial based on excessive punitive damages.
AMI also contends that the evidence was insufficient to serve as a basis for the compensatory damage award. Here, plaintiff's damages necessarily were the result of lost profits. These must be shown with a reasonable degree of certainty, based on proof of income and expenses for a reasonable period of time prior to the breach. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856 (1935). In this case plaintiff testified only as to annual gross incomes, omitting evidence as to the amount of operating expenses, even though it was clear that such expenses existed. This omission requires reversal of the compensatory damage award. Florida Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla. 1953).
The punitive damage award for fraud is-fatally defective because it is unsupported by an award of compensatory damages, either actual or nominal. An action for punitive damages cannot be maintained independently of an action for compensatory damages. McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943). These compensatory damages for the underlying breach of duty may be nominal as well as actual. Elyria-Lorain Broad. Co. v. National Com. Indus., Inc., 300 So.2d 716 *454 (Fla. 1st DCA 1974); cert. dismissed, National Com. Indus., Inc. v. Elyria-Lorain Broad. Co., 337 So.2d 809 (Fla. 1976). The appellee argues that the case of Lassiter v. International Union of Op. Engn., 349 So.2d 622 (Fla. 1977) dispenses with the necessity for the compensatory award, and that the award of punitive damages implies a finding of the underlying breach of duty and the requisite nexus between that breach and the punitive damages award.
We do not find that conclusion in Lassiter. Nor have other post-Lassiter decisions: Overseas Equipment Co., Inc. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla. 3d DCA 1979); Raffa v. Dania Bank, 372 So.2d 1173 (Fla. 4th DCA 1979); Flood v. Ware, 363 So.2d 1101 (Fla. 2d DCA 1978), cert. denied 372 So.2d 468 (Fla. 1979); and Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA 1978), cert. denied 364 So.2d 889, 891 (Fla. 1978).
Lassiter merely resolved a pre-existing conflict among various appellate court decisions by disavowing a rule that would require some mathematical relationship between the amounts awarded on one claim for compensatory damage and for punitive damage.
The plaintiff in the instant case cannot utilize the compensatory award for the 1976 breach of contract under Count I, even had that award been sustained by the evidence, as the underlying basis of the punitive damage award under Count II was predicated on a separate and independent tort occurring in 1974. See Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972). The plaintiff's claim under Count II of her complaint for fraud made no demand for compensatory damages and such were not submitted for consideration by the jury; it considered only an award vel non of punitive damages for the alleged fraud. Therefore, Count II was defective from its inception, and the verdict was fundamentally improper.
Accordingly, the judgment for both compensatory damages under Count I and punitive damages under Court II must be reversed. The appellant is entitled to a new trial on each count.
REVERSED AND REMANDED FOR NEW TRIAL.
ORFINGER and UPCHURCH, JJ., concur.

ON REHEARING
COBB, Judge.
Following issuance of our opinion in this cause filed January 2, 1980 (1980 FLW 77), the appellee plaintiff, Edna Mitchell, filed a timely "motion for rehearing and clarification" on January 16, 1980. This motion pointed out, inter alia, that the appellant did not challenge its liability in regard to Count I, an action for breach of contract, only the award of damages therefor. We believe this is correct.
Then, on January 21, 1980, the appellee filed an untimely "amended motion for rehearing and clarification." In that motion, the appellee attempted to raise, for the first time, the question of whether or not the appellant defendant made timely objection before the trial court on the points presented in this appeal, which were argued on the merits in the briefs and the oral arguments heretofore submitted to this court. If these points were not properly preserved by timely objection before the trial court, that failure should have been brought to our attention long before nineteen days subsequent to the filing of our appellate decision. If it had been raised in the appellee's answer brief, there would have been ample opportunity for the appellant to have responded in its reply brief and, if indicated, moved to supplement the record pursuant to Fla.R.App.P. 9.200(f). Instead, if we were to permit this amended motion with its new matter, the appellant would have ten days to serve a reply to it.
We firmly believe that an appellate court should not be asked to pass upon matters that initially should have been raised, but were not raised, before the trial court. But we also believe it would be inimical to a fair disposition of an appellate case to allow an appellant to raise untimely challenges of the appellate decision, thereby depriving *455 this court of the benefit of comprehensive briefing and a complete record based on a full and fair opportunity for designation by both parties. As the First District Court of Appeal said in regard to predecessor Florida Appellate Rule 3.14(a):
There must be a conclusion to all litigation. The cited rule was designed to produce that result and is to be strictly construed with that purpose in mind. Only upon a timely showing of good cause will the period allowed for filing the application for rehearing be extended. Harris v. State, 107 So.2d 402 (Fla. 1st DCA 1958).
We decline to consider the untimely amended motion for rehearing. We grant the timely motion for rehearing and for clarification by substituting the following last full paragraph for that in our origional opinion:
Accordingly, the judgment for both compensatory damages under Count I and punitive damages under Count II must be reversed. The appellant is entitled to a new trial on the issue of damages in regard to Count I and a new trial on the issues of liability and damages under Count II.
We observe further that our ruling in regard to Count II is without prejudice to the right of the trial court to entertain appropriate motions (e.g., to amend or to dismiss) directed to the insufficiency of the complaint.
ORFINGER and UPCHURCH, JJ., concur.