386 So.2d 860 (1980)
EGLIN FEDERAL CREDIT UNION, a Federal Credit Union, Appellant,
v.
Joseph E. CURFMAN, Appellee.
No. NN-200.
District Court of Appeal of Florida, First District.
August 14, 1980.
*861 Michael Jones of Selby, Chesser, Wingard & Barr, Fort Walton Beach, for appellant.
Michael W. Mead of Middleton & Mead, Fort Walton Beach, for appellee.
PER CURIAM.
Eglin Federal Credit Union appeals from a final judgment for punitive damages awarded to appellee, Joseph E. Curfman, after a jury trial. The evidence was sufficient to present a jury issue as to appellant's liability for wrongful conversion of Curfman's automobile, and its liability for punitive damages.
The conversion occurred when appellant, which had financed Curfman's purchase of an automobile, obtained possession of Curfman's automobile without his knowledge and sold it, even though appellant's agent not only knew that Curfman's automobile had not been stolen, as Curfman had erroneously assumed and previously reported,[1] but knew that Curfman was not in default in his payments on the car. See Buie v. Barnett First National Bank of Jacksonville, 266 So.2d 657 (Fla. 1972). Appellant's contentions that its repossession *862 was authorized by virtue of contractual provisions in the financing agreement relating to loss or theft of the collateral, insecurity of the creditor, or insurance coverage on the vehicle, were matters for resolution by the jury on conflicting evidence, as was the issue of good faith on the part of appellant throughout the transaction. Uniform Commercial Code, Sections 671.203, 671.208, Florida Statutes.
Appellant contends that the failure of the jury to assess any monetary sum for compensatory damages precludes the award of punitive damages. We disagree. The special verdict form returned by the jury contained its express finding that "Eglin Federal Credit Union committed conversion of Joseph E. Curfman's property." We are of the opinion that this finding satisfies the requirements of Lassiter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1977), which held that "the establishment of liability for a breach of duty will support an otherwise valid punitive damage award even in the absence of financial loss for which compensatory damages would be appropriate." (Id. at 626)[2]
The judgment is AFFIRMED.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] A mix-up involving the whereabouts of the car occurred somewhat as follows: Curfman purchased the car and drove with Clarence Hoffman to Tampa on a business trip. In Tampa, Hoffman was permitted to use the car while Curfman visited around. On the last day of the visit, through an apparent misunderstanding, Hoffman failed to meet Curfman at the designated place to commence the return trip to Fort Walton Beach. Being unable to locate Hoffman or the car, Curfman reported it to the Sheriff's office as stolen, and upon his return to Fort Walton Beach by taxi immediately informed the Credit Union of this circumstance. However, five days later, Hoffman contacted the Credit Union informing it that he had the car, which the Credit Union then arranged for him to return to Fort Walton Beach, at the expense of the Credit Union. The Credit Union did not inform Curfman of this occurrence. Two weeks later, Curfman discovered his car on the premises of the Credit Union, and according to Curfman, upon inquiry was informed by the Credit Union that it had already been repossessed and sold. Evidence was presented that the sale was for less than the NADA retail value in order to prevent any excess funds from going to Curfman. Sale was for the exact amount owed the Credit Union. Extensive testimony, much of it conflicting, was presented on these and other issues including alleged actions by the Credit Union tending to affect Curfman's credit standing.
[2] Compare Sonson v. Nelson, 357 So.2d 747 (Fla. 3rd DCA 1978); Flood v. Ware, 363 So.2d 1101 (Fla. 2nd DCA 1978); Raffa v. Dania Bank, 372 So.2d 1173 (Fla. 4th DCA 1979); and American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980).