389 So.2d 1183 (1980)
Ralph TENNANT, Appellant,
v.
Wilfred David VAZQUEZ and Varsity Enterprises, Inc., D/B/a Bowen Travel Service, Appellees. Gordon Shirah, Appellant,
v.
Wilfred David Vazquez and Varsity Enterprises, Inc., D/B/a Bowen Travel Service, Appellees.
Nos. 79-1711, 79-1712.
District Court of Appeal of Florida, Second District.
August 27, 1980.
Rehearing Denied November 4, 1980.
John R. Parkhill, Tampa, for appellants.
William J. Terry of Himes, Terry & Ketchey, P.A., Tampa, for appellees.
HOBSON, Acting Chief Judge.
In these consolidated appeals, appellants Tennant and Shirah appeal the final judgment rendered in a libel action in favor of appellees. The judgment assessed damages as follows:
1. That the Plaintiff WILFRED DAVID VAZQUEZ recover from the Defendants RALPH TENNANT and GORDON SHIRAH the sum of $30,000.00 (compensatory);
2. That the Plaintiff VARSITY ENTERPRISES, INC. recover from the Defendants RALPH TENNANT and GORDON SHIRAH the sum of $30,000.00 (compensatory);
3. That the Plaintiffs WILFRED DAVID VAZQUEZ and VARSITY ENTERPRISES, INC. recover from RALPH TENNANT the sum of $25,000.00 (punitive);
4. That the Plaintiffs WILFRED DAVID VAZQUEZ and VARSITY ENTERPRISES, INC. recover from the Defendant GORDON SHIRAH the sum of $25,000.00 ... (punitive).
We have carefully considered the several points raised on appeal and conclude that the question of damages awarded Varsity Enterprises, Inc. (Varsity) is the only point on which the record shows reversible error.
The only evidence presented to support Varsity's claim for compensatory damages was that Varsity's gross commissions decreased subsequent to the libel by appellants. Varsity was required to show its loss of profits with a reasonable degree of certainty, based on proof of income and expenses for a reasonable period of time before *1184 the libel occurred. In American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452, 453 (Fla. 5th DCA 1980), the court reiterated the rule:
Here, plaintiff's damages necessarily were the result of lost profits. These must be shown with a reasonable degree of certainty, based on proof of income and expenses for a reasonable period of time prior to the breach. New Amsterdam Casualty Co. v. Utility Mfg. Co., 122 Fla. 718, 166 So. 856 (1935). In this case plaintiff testified only as to annual gross incomes, omitting evidence as to the amount of operating expenses, even though it was clear that such expenses existed. This omission requires reversal of the compensatory damage award. Florida Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla. 1953).
Punitive damages may not be awarded unless supported by an award of compensatory damages, either actual or nominal. In American Motorcycle Institute it is stated:
The punitive damage award for fraud is fatally defective because it is unsupported by an award of compensatory damages, either actual or nominal. An action for punitive damages cannot be maintained independently of an action for compensatory damages. McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943). These compensatory damages for the underlying breach of duty may be nominal as well as actual. Elyria-Lorain Broad. Co. v. National Com. Indus., Inc., 300 So.2d 716 (Fla. 1st DCA 1974); cert. dismissed, National Com. Indus., Inc. v. Elyria-Lorain Broad. Co., 337 So.2d 809 (Fla. 1976).
380 So.2d at 453.
There is no evidence in the record of Varsity's expenses as against its gross profits which do appear in the record. This lack of evidence necessitates the reversal of Varsity's compensatory damage award. There being no compensatory damages legally proved for Varsity, the punitive damages must also fall. In view of the fact that the final judgment awards punitive damages to Vazquez and Varsity from each appellant, it is not possible to determine by reference to the judgment just what portion was awarded to Vazquez individually.
The portion of the final judgment which awards Vazquez compensatory damages against appellants is affirmed. The award of compensatory damages to Varsity against appellants is reversed. Punitive damages awarded to both Vazquez and Varsity against each appellant are reversed. We remand this cause for a new trial on damages only in order to determine what, if any, compensatory damages should be awarded Varsity and the amount of punitive damages to be awarded Vazquez. If Varsity proves compensatory damages, then the amount of punitive damages to be awarded Varsity shall be determined.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GRIMES and DANAHY, JJ., concur.