PER CURIAM
We reverse and remand with direction that the trial court enter final judgment for the defendant/appellant on the plaintiff/appellee’s claim against him. Defendant/appellant should have been awarded a directed verdict as the record does not support the issue of tortious interference with an advantageous business relationship being submitted to the jury. See Insurance Field Services, Inc. v. White Inspection and Audit Services, Inc., 384 So.2d 303, 307, 308 (Fla. 5th DCA 1980), decided by a panel of this court, sitting as associate judges of a companion court. See also Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980).
In addition to the foregoing, we find it was error to permit the jury to consider compensatory damages in the absence of proof of expenses. See American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452, 453 (Fla. 5th DCA 1980). It was also error to tender the issue of punitive damages to the jury. See Insurance Field Services, Inc. v. White Inspection and Audit Services, Inc., supra.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.