**Roy LOHR and Larry Randolph, Plaintiff–Appellee,**

v.

**STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, et al., Defendants,**

**KEN AULT, Defendant–Appellant.**

No. 87–5122
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1988.

Keith C. Tischler, Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, Fla., for defendant-appellant.

Evan I. Fetterman, Fetterman & Associates, Salvatore Scibetta, North Palm Beach, Fla., for plaintiff-appellee.

Before HILL, VANCE and CLARK, Circuit Judges.

PER CURIAM:

In *Lohr and Randolph v. State of Florida,* 835 F.2d 1404 (11th Cir.1987), this court held the *Lohr* portion of the case in order to certify a question to the Florida Supreme Court. The question remaining is whether compensatory damages must underlie a punitive damages award in a case in which the jury has made express findings against the defendant.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO FLA.STAT. § 25.031 (1986) AND FLA.R.APP.P. 9.150.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above-styled case involves a question or proposition of the law of the State of Florida which is determinative of the cause, and which is not answered by any clear, controlling precedent in the decisions of the Supreme Court of the State of Florida.

The United States Court of Appeals for the Eleventh Circuit therefore certifies the question or proposition of the law of the State of Florida to the Supreme Court of Florida for instructions, pursuant to Fla. Stat. § 25.031 (1986) and Fla.R.App.P. 9.150.

## I. STYLE OF THE CASE

The style of this case is: ROY LOHR and LARRY RANDOLPH, Plaintiffs–Ap-

pellees v. STATE OF FLORIDA DEPART-MENT OF CORRECTIONS, et al., Defendants–Appellants. Ault appeals from a decision by the United States District Court for the Southern District of Florida.

## II. STATEMENT OF THE FACTS

In March, 1984, appellees Roy Lohr and Larry Randolph, inmates at Martin Vocational Center in Martin County, Florida, attempted to escape from the Vocational Center. Due to mitigating circumstances unrelated to this case, both plaintiffs were acquitted of the crime of escape before a Circuit Court of Martin County.

Lohr and Randolph were recaptured by defendant Ken Ault, an officer with the Martin County Sheriff's office, and his canine, Bear.

Lohr and Randolph maintain that Ault handcuffed them, forced them to lie on the ground, and ordered Bear to bite and scratch them. Lohr and Randolph sued Ault, asserting a state claim of assault and battery and a federal claim of a violation of their constitutional rights. In answering special verdict questions posed by the judge, the jury specifically found that Ault had committed an assault and battery on Lohr, but that Ault had not violated Lohr's civil rights. The jury awarded Lohr $0 in compensatory damages, but $5,000 in punitive damages. The jury determined that Ault had both assaulted and battered Randolph and violated his civil rights. Accordingly, the jury awarded Randolph $10,000 in compensatory damages and $30,000 in punitive damages.

Ault asserts several grounds for appeal, one of which is that the jury improperly awarded Lohr punitive damages in the face of a decision that no compensatory damages were due. We find that this question is determinative as to whether Lohr will receive a monetary award.

Traditionally, Florida has required that punitive damages be supported by some award of compensatory damages. *McLain v. Pensacola Coach Corp.*, 152 Fla. 876, 13 So.2d 221 (1943). However, Randolph maintains that the rule was altered by *Lassiter v. International Union of Operating Engineers*, 349 So.2d 622 (Fla.1976). *Las-*

*siter* proclaimed that: "punitive damages [need not bear] some reasonable relationship to the actual damages awarded by the jury." *Id.* at 626. In fact, "the establishment of liability for a breach of duty will support an otherwise valid punitive damages award even in the absence of financial loss for which compensatory damages would be appropriate." *Id.* at 636.

In support of Lohr's claims, two Florida courts have held specifically that where a jury returns a special verdict form with express findings against a defendant, it need not assess compensatory damages. *See Eglin Federal Credit Union v. Curfman*, 386 So.2d 860, 862 (Fla.Dist.Ct.App. 1980); *Nales v. State Farm Mutual Automobile Insurance Co.*, 398 So.2d 455 (Fla. Dist.Ct.App.1981). *See also Guthartz v. Lewis*, 408 So.2d 600, 602 n. 4 (Fla.Dist.Ct. App.1982) (noting the conflict and indicating which side it would choose, but declining to reach the issue in that case).

However, under analogous circumstances, other Florida District Courts of Appeal have reached the opposite conclusion. In *Raffa v. Dania Bank*, 372 So.2d 1173 (Fla. Dist.Ct.App.1979), the jury returned a verdict stating that it found for the plaintiff but would award her no compensatory damages. The court overturned a punitive damages award to plaintiff, holding the need for prior compensatory findings was "well settled." *Id.* at 1174. *See also American Motorcycle Institute v. Mitchell*, 380 So.2d 452 (Fla.Dist.Ct.App.1980) (holding that an award of punitive damages cannot be considered to imply an "underlying breach of duty").

## III. QUESTIONS OF LAW TO BE ANSWERED

In Florida, must a compensatory damages award underlie a punitive damages award in a case in which the jury has made express findings against a defendant?

The entire record in this case, and copies of the briefs of the parties in this Court are transmitted with this certified question.

QUESTION CERTIFIED.