Roy LOHR and Larry Randolph,
Plaintiffs–Appellees.

v.

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,
Defendants.

Ken Ault, Defendant–Appellant.

No. 87–5122
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1988.

Keith C. Tischler, Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, Fla., for defendant-appellant.

Evan I. Fetterman, Salvatore Scibetta, Fetterman & Associates, North Palm Beach, Fla., for plaintiffs-appellees.

Before HILL, VANCE and CLARK, Circuit Judges.

PER CURIAM:

### FACTS

In March, 1984, appellees Roy Lohr and Larry Randolph, inmates at Martin Vocational Center in Martin County, Florida, attempted to escape from the Vocational Center. Due to mitigating circumstances unrelated to this case, both plaintiffs were acquitted of the crime of escape before a Circuit Court of Martin County.

Lohr and Randolph were recaptured by defendant Ken Ault, an officer with the Martin County Sheriff's office, and his canine, Bear.

Lohr and Randolph maintain that Ault handcuffed them, forced them to lie on the ground, and ordered Bear to bite and scratch them. Lohr and Randolph sued Ault, asserting a state claim of assault and battery and a federal claim of a violation of

their constitutional rights. In answering special verdict questions posed by the judge, the jury specifically found that Ault had committed an assault and battery on Lohr, but that Ault had not violated Lohr's civil rights. The jury awarded Lohr $0 in compensatory damages, but $5,000 in punitive damages. The jury determined that Ault had both assaulted and battered Randolph and violated his civil rights. Accordingly, the jury awarded Randolph $10,000 in compensatory damages and $30,000 in punitive damages.

Ault appealed on three grounds. First, he maintains that the district court erred in refusing his request for a new trial. The request was founded on the admission of allegedly prejudicial evidence. Secondly, Ault contends that the amount of damages awarded against him was excessive, given the allegedly minor nature of the injuries. Finally, Ault argues that the court erroneously allowed the award of punitive damages to Lohr, because Florida law allows punitive damages only when they are undergirded by an award of nominal or compensatory damages.

## I. THE DENIAL OF A NEW TRIAL

The court may reverse the denial of a new trial only if it determines that the district court abused its discretion in making the denial. *Silverberg v. Paine, Webber, Jackson and Curtis, Inc.*, 710 F.2d 678 (11th Cir.1983). In this case we can reach no such conclusion.

Ault maintains that he deserves a new trial because the district court improperly denied summary judgment as to another defendant, Sheriff James Holt. As a result of the denial, the judge admitted evidence of a previous incident in which Ault had assaulted a handcuffed suspect who was in his custody. The judge accepted the evidence as bearing on whether Holt had adequately supervised Ault and the canine unit of Martin County.

Ault contends that the district judge abused his discretion in failing to dismiss Holt before trial, and before the damaging incident was admitted. Ault observes that at the end of the trial the judge directed a verdict in Holt's favor.

In order to overturn the summary judgment decision of the trial court, we would have to determine that the district court had abused its discretion. *Johnson v. Bryant*, 671 F.2d 1276, 1279 (11th Cir. 1982). In this case, we find no such abuse. At the time the judge denied the motion for summary judgment,[1] he had before him contradictory claims and evidence about defendant Holt's supervisory role. For example, Holt claimed that all his deputies were regularly supervised; Ault, however, acknowledged that during his entire stint with the canine unit, neither he nor his Division had undergone any review process. Furthermore, Holt defended the decision not to discipline Ault; plaintiffs, by contrast, argued that the decision was incorrect, even given what plaintiffs alleged to be an inadequate investigation into the incident. On these facts, the judge was well within his discretion in waiting to view the evidence presented at trial before dismissing the case with respect to defendant Holt.[2]

Consequently, we affirm the district court's decision to deny summary judgment at the early stages of the trial. Because defendants have acknowledged that the evidence of which they have complained would indeed be admissible if defendant Holt were a proper defendant (R3–140–3), Ault's first argument fails: the district judge did not err in denying the request for a new trial.

## II. THE AMOUNT OF DAMAGES

Ault also would ask this court to find error in the amount of damages

---

1. We must evaluate the summary judgment by considering the evidence before the district court when it denied the summary judgment motion. *Garcia v. American Marine Corp.*, 432 F.2d 6 (5th Cir.1970).

2. Ault suggests that because the claims against Holt were dismissed, the judge must have abused his discretion in not dismissing the same claims at the earlier summary judgment stage. This contention cannot stand. Such a standard would obviate all usefulness of the directed verdict.

awarded to the plaintiffs. However, we cannot find that damage award to be "so large as to 'shock the judicial conscience' or indicate 'bias, passion, prejudice or other improper motive' on the part of the jury." *Allen v. Seacoast Products, Inc.*, 623 F.2d 355 (5th Cir.1980). While Ault cites cases in which courts determined damage awards were excessive, none is precisely apropos. From the evidence presented, the jury could have found that Ault handcuffed the plaintiffs so that they were unable to defend themselves, and then ordered Bear to attack them. Plaintiffs introduced photographs of dog bites on plaintiff Lohr's back, shoulder, and buttocks, and on plaintiff Randolph's head and arm. Plaintiffs related a story, which, if believed, was a chilling tale of a vicious dog attack. The jury specifically found that defendant Ault "acted maliciously, intentionally, wilfully, wantonly or with conscious disregard of the rights of" both plaintiffs. Given these facts, our consciences are not shocked by the damages awarded.

### III. THE PUNITIVE DAMAGES AWARD TO LOHR

Finally, defendant Ault directs the court's attention to the $5,000 punitive damage award to plaintiff Lohr, observing that no compensatory damages underlay the jury's award.

With respect to whether this award may be made to plaintiff Lohr, we conclude that the law of the state of Florida gives us conflicting guidance. As to his case this Court will pose a certified question to the Supreme Court of Florida, and final judgment in the *Lohr* portion of this case will await the final judgment of the Florida Court.

### IV. CONCLUSION

The decisions of the trial court denying the request for a new trial and upholding the award of damages as to Randolph are

AFFIRMED.

A certification of the remaining issue in the *Lohr* case will be issued separately.