**HOSELINE, INC., Plaintiff–Counter–Defendant–Appellee,**

v.

**U.S.A. DIVERSIFIED PRODUCTS, INC., Defendant–Counter–Claimant,**

**Paul G. Davis, Defendant–Appellant,**

**Candace Davis, his wife, Defendant.**

No. 93–3376.

United States Court of Appeals, Eleventh Circuit.

Dec. 27, 1994.

James S. Byrd, Jr., Schoene, Byrd & Palmer, Winter Park, FL, for appellant.

Robert W. Smith, Orlando, FL, for appellee.

Before HATCHETT and BLACK, Circuit Judges, and YOUNG *, Senior District Judge.

HATCHETT, Circuit Judge:

In this diversity case, we reverse the district court's judgment because Florida's "economic loss doctrine" bars the appellee's recovery of damages for common law fraud and civil theft based upon a breach of contract.

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

## BACKGROUND

In March, 1989, appellee, Hoseline, Inc., a Florida corporation which manufactures automobile parts, entered into an agreement with appellant, Paul G. Davis, owner of USA Diversified (USA), an Indiana corporation, in which USA agreed to ship wire harness loom to Hoseline. Wire harness loom is a plastic conduit that is wrapped around electrical wiring in automobile engines to protect the electrical wiring from heat and sharp objects. The agreement provided that Hoseline would purchase products from USA on a thirty-day payment basis.

Prior to 1992, Hoseline's employees did not measure the length of loom contained in each box upon receipt. During the summer of 1992, however, based upon an informant's tip, William Grafton, president of Hoseline, opened several of the boxes and discovered that USA had undershipped the loom 45 percent to 50 percent per box. Grafton took photographs showing the size and length of the loom contained in each box, and of the writing on the boxes depicting the amount of loom supposedly contained inside. The amount of loom contained in each box did not correspond to the written figures on the sides of the boxes. After discovering the undershipments, Grafton contacted Davis and demanded a refund of $177,661.32 equaling his alleged overpayments on loom shipped over the previous three years. When Davis refused to pay, Hoseline filed this lawsuit alleging breach of contract against USA, and common law fraud and civil theft against Davis.

USA filed for bankruptcy; consequently, Hoseline abandoned its breach of contract claim against USA. Nevertheless, Hoseline maintained its fraud and civil theft claims against Davis.[1] During the ensuing trial, Grafton admitted that he only inspected two or three boxes for undershipments and did not conduct any inspections prior to 1992. He also acknowledged that none of his customers complained about shortages, even though USA usually sent the boxes containing the loom directly to its customers. Graf-

ton also testified that based upon the size of the boxes, USA could not have shipped the amount of loom it claimed. Over Davis's objection, Grafton further relied upon evidence of Davis's prior conviction for fraud in a similar scheme with another customer.

The district court denied Davis's motion for a directed verdict based on the "economic loss doctrine," which bars tort recovery for breach of contract claims. The jury returned a verdict against Davis for fraud, awarding Hoseline $177,661.32 in compensatory damages and $88,830.66 in punitive damages.[2] Davis appeals.

## ISSUES

This appeal presents three issues:

(1) whether the economic loss rule bars Hoseline from recovering damages;

(2) whether the jury's verdict is contrary to the manifest weight of the evidence; and

(3) whether the district court erred in admitting evidence of Davis's prior criminal conviction.

## DISCUSSION

In *Florida Power & Light Company v. Westinghouse Electric Corp.*, 510 So.2d 899 (Fla.1987), the Florida Supreme Court held that a party cannot recover in tort for economic losses incurred pursuant to the terms of a written contract. The court reasoned that "contract principles are more appropriate than tort principles for resolving economic loss without an accompanying physical injury or property damage." *Florida Power & Light*, at 902. "The policy ... encourages parties to negotiate economic risks through warranty provisions and price." *Florida Power & Light*, at 901. Consequently, this doctrine bars Hoseline's fraud and civil theft claims against Davis. *See generally, Florida Power & Light Company*, 510 So.2d 899; *Austin–Westshore Construction Co., Inc. v. Federated Department Stores, Inc.*, 934 F.2d 1217 (11th Cir.1991); *AFM*

---

1. The complaint also named Davis's wife in the fraud and civil theft counts, but the trial court granted her motion for a directed verdict.

2. The jury also found that Davis committed civil theft, but awarded no damages for that count.

Corporation v. Southern Bell Telephone & Telegraph, 515 So.2d 180 (1987); *Serina v. Albertson's, Inc.*, 744 F.Supp. 1113 (M.D.Fla. 1990) (economic loss rule bars recovery for intentional tort intertwined with a breach of contract claim); *Overseas Equipment Company, Inc. v. Aceros Arquitectonicos*, 374 So.2d 537 (Fla. 3d D.C.A.1979); *Rosen v. Marlin*, 486 So.2d 623 (3d D.C.A.1986) (economic loss rule bars recovery for civil theft where loss arises from breach of contract).

■ In this case, Hoseline alleged that Davis committed the intentional torts of civil theft and fraud when it misrepresented the amount of coil in its boxes containing wire harness loom. Although Hoseline alleged that it suffered economic loss, it did not allege any physical or property damage. In essence, both of Hoseline's claims arose from USA's breach of its contractual obligation to ship certain quantities of wire harness cable to Hoseline. In addition, Hoseline's claim that the economic loss doctrine does not bar tort claims between parties who lack contractual privity is meritless for the Florida Supreme Court has held to the contrary. *See Casa Clara Condominium Association v. Charley Toppino and Sons*, 620 So.2d 1244 (Fla.1993) (Justice Shaw dissenting because the majority applied the economic loss doctrine even though "the injured party [was] not privy to the contract"). Because the economic loss doctrine bars tort recovery for contract claims which involve no injury to person or property, we reverse the judgement of the district court against Davis on both counts of fraud and civil theft.

Hoseline cannot recover on either its civil theft or fraud claims; thus, it is unnecessary to review Davis's claims challenging the sufficiency and propriety of admitting the evidence supporting the jury's verdict.

Accordingly, the district court's judgment is reversed.

REVERSED.