398 So.2d 455 (1981)
Dennis NALES, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Cecil Cronan, Appellees.
No. 79-1542.
District Court of Appeal of Florida, Second District.
March 25, 1981.
As Modified on Denial of Rehearing May 27, 1981.
David B. Webster, Tampa, for appellant.
George A. McKendree, Miller, McKendree & Somers, Tampa, for appellees.
DANAHY, Judge.
No Florida court has previously addressed the question confronting us in this case, nor have we found, after extensive research, any decision from another jurisdiction or other authority suggesting an answer. The question is whether a person injured in an automobile accident may recover punitive damages even though he is subject to Florida's no-fault law[1] and does not cross the no-fault "threshold" specified in that law for recovery of compensatory damages for pain and suffering and other noneconomic losses.[2] We answer that question in the affirmative.
Plaintiff/appellant (Nales) was injured when a pickup truck driven by defendant/appellee Cecil Cronan (Cronan) crashed *456 into the rear of Nales' automobile, which had stopped at a traffic light. Evidence indicated that Cronan was intoxicated at the time of the accident. Both vehicles were covered vehicles for purposes of Florida's no-fault law.
Nales asserted that he suffered a permanent injury, which would meet one of the threshold requirements under no-fault.[3] He brought this suit for punitive as well as compensatory damages. Over Nales' objection, the trial judge instructed the jury that it must find that Nales suffered a permanent injury in order to award him compensatory damages or punitive damages. The jury returned a verdict for Cronan and Nales appeals. We reverse.
Nales constructs his argument on the initial premise that punitive damages are recoverable in automobile accident cases, and specifically may be awarded where voluntary intoxication is involved. That is indeed the general rule. Ingram v. Pettit, 340 So.2d 922 (Fla. 1976); Note, Punitive Damages and Their Possible Application in Automobile Accident Litigation, 46 Va.L.Rev. 1036, 1047 (1960); Annot., 62 A.L.R.2d 813 (1958). Nales advances the additional propositions that there is nothing in the no-fault law of Florida which limits a plaintiff's right to punitive damages; that nothing in Ingram v. Pettit, supra, connects punitive damages to the statutory concept of no-fault; and that an award of compensatory damages is not required to support an award of punitive damages. Nales urges us to agree with his conclusion from these premises that punitive damages are recoverable in an automobile accident case notwithstanding that the plaintiff is subject to Florida's no-fault law and does not meet the statutory threshold criteria. With some added reasoning of our own, we are compelled to agree with that conclusion.
The exemption from tort liability provided in our no-fault law extends to damages for pain and suffering, mental anguish, and inconvenience, in those cases where the plaintiff fails to meet the statutory threshold. Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974). Nales is certainly correct that the law contains no reference to punitive damages in describing the no-fault parameters. It has never contained any such reference except by the addition in 1977 of subsection (4), providing that in an action brought against an automobile liability insurer for damages in excess of its policy limits, no claim for punitive damages shall be allowed.[4] That amendment certainly indicates legislative awareness of the doctrine of punitive damages. The legislature must also be presumed to be aware that punitive damages have been specifically recoverable in Florida in automobile accident cases for a number of years. E.g., Jacksonville Frosted Foods, Inc. v. Haigler, 224 So.2d 437 (Fla. 1st DCA 1969). In any event, the Florida no-fault law is a statutory limitation on an injured party's common law right of action in tort and, as such, it must be strictly construed to conform the statute as nearly as possible to the common law, and as so as not to displace the common law any further than is clearly necessary. Snowden v. Sprouse, 375 So.2d 901 (Fla. 1st DCA 1979).
The doctrine of punitive damages is a doctrine of common law. Florida East Coast Railway v. McRoberts, 111 Fla. 278, 149 So. 631 (1933); Note, supra, 46 Va.L. Rev. 1036 (1960). In the McRoberts case, our supreme court described punitive damages as follows:
Punitive damages are damages over and above such sum as will compensate a person for his actual loss. And the law permits their imposition, in proper cases, at the discretion of the jury, not because the party injured is entitled under the law to recover punitive damages as a matter of right, but as punishment to the wrongdoer, for the purpose of deterring him and others committing similar violations of the law from such wrongdoing in the future. Therefore exemplary damages are, as it has been said, allowed by the law, not as a matter of compensation to the injured party, but because of the quality of the wrong done by the tortfeasor, from which the injured party suffers. *457 (Citation omitted; emphasis added.)
Id. at 280, 149 So. at 632.
The thrust of Cronan's argument is that an award of punitive damages must be supported by an underlying award of compensatory damages and, therefore, if a plaintiff is not entitled to compensatory damages because of his failure to meet the no-fault threshold, he cannot recover punitive damages. We think our supreme court disposed of his argument in Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976). In that case the court held that the establishment of liability for a breach of duty will support an otherwise valid punitive damages award even in the absence of financial loss for which compensatory damages would be appropriate. Amplifying that statement, the court said that a punitive damages award need only bear some relationship to the fact of the injury or invasion of legal right and the cause thereof. The First District Court of Appeal recently relied on the Lassitter case in affirming an award of punitive damages for wrongful conversion where there was no award of compensatory damages. Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980). The court said:
Appellant contends that the failure of the jury to assess any monetary sum for compensatory damages precludes the award of punitive damages. We disagree. The special verdict form returned by the jury contained its express finding that "Eglin Federal Credit Union committed conversion of Joseph E. Curfman's property." We are of the opinion that this finding satisfies the requirements of Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1977)... .
Our supreme court has made it clear that the subject matter jurisdiction of the trial court does not hinge on a determination that the plaintiff crossed the no-fault threshold. In this case, therefore, there was subject matter jurisdiction for an award of punitive damages notwithstanding Nales' failure to meet the statutory threshold requirements. Calhoun v. New Hampshire Insurance Co., 354 So.2d 882 (Fla. 1978).
We agree with the decision of our sister court in the Curfman case and hold that where a plaintiff in an automobile accident case is denied recovery of compensatory damages because of the factfinder's determination that the plaintiff did not cross the no-fault threshold, an award of punitive damages is nevertheless allowable if otherwise appropriate. We are aware of our statement in Flood v. Ware, 363 So.2d 1101 (Fla.2d DCA 1978), that a jury may not order a defendant to pay punitive damages if it does not find him liable for either compensatory or nominal damages. Where a jury specifically finds that the plaintiff suffered an injury as the result of an automobile accident and denies an award of compensatory damages only because of the defendant's tort immunity under no-fault, we believe the requirement expressed in the Flood case has been met.
REVERSED AND REMANDED for a new trial on the issue of punitive damages.
HOBSON, Acting C.J., and CAMPBELL, J., concur.
NOTES
[1] § 627.730-741, Fla. Stat. (1979) (more correctly styled the "Florida Automobile Reparations Reform Act").
[2] § 627.737(2), Fla. Stat. (1979).
[3] § 627.737(2)(b), Fla. Stat. (1979).
[4] Ch. 77-468, § 35, Laws of Fla.