PER CURIAM.
Sharpe appeals an order dismissing her complaint seeking damages in a tort action against Monfort. The lower court’s dismissal was based upon the finding that Sharpe’s exclusive remedy was under the Florida Workers’ Compensation Act (the Act), Chapter 440, Florida Statutes. We affirm.
We need not consider Sharpe’s argument that an employer’s intentional torts are not covered by the Act, since the facts, as alleged, do not constitute an intentional tort. The constitutionality of the Act may not be attacked for the first time on appeal. We observe that if the constitutionality of the Act had been raised below, the argument would fail. The constitutionality of Chapter 440 has been upheld repeatedly against attack. Iglesia v. Floran, 394 So.2d 994 (Fla.1981); Seaboard Coast Line R. Co. v. Smith, 359 So.2d 427 (Fla.1978); Walker and LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977). Punitive damages are not allowed, as an employer’s liability under the Act is in lieu of all other liability. Section 440.11(1), Florida Statutes (1979). Accordingly, the dismissal is AFFIRMED.
LARRY G. SMITH, SHAW and JOA-NOS, JJ., concur.