425 So.2d 171 (1983)
Kathy CONEY, Appellant,
v.
INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Appellee.
No. 82-213.
District Court of Appeal of Florida, Second District.
January 14, 1983.
Charles L. Carlton of Carlton & Carlton, P.A., and Kenneth C. Glover, Lakeland, and J. Blayne Jennings, Gifford, for appellant.
Julian Clarkson and M. David Alexander of Holland & Knight, Tampa, for appellee.
SCHEB, Judge.
Tony Coney died in 1979 as a result of an industrial accident at International Minerals and Chemical Corporation (IMC) where he was employed. Coney's widow, Kathy, on behalf of herself and her children accepted benefits under the Workers' Compensation Act, chapter 440, Florida Statutes. Thereafter, she filed suit alleging that her husband's death resulted from IMC's culpable negligence and sought compensatory and punitive damages. She assailed the constitutionality of the Act as applied to her and her children. The trial court upheld the constitutionality of the Act and held that it precluded an award of either compensatory or punitive damages against the decedent's employer, IMC. The court entered a final summary judgment in favor of IMC, and this appeal ensued.
Appellant first urges that the Workers' Compensation Act is unconstitutional. There is no merit to such contention and it does not warrant further discussion. Muilarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972), appeal dismissed, 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973). Even assuming the constitutionality of the Act, insofar as it prevents her from recovering compensatory damages, appellant next argues that she may maintain a separate action seeking punitive damages for the alleged culpable negligence of IMC. We disagree.
Appellant cites Nales v. State Farm Mutual Automobile Insurance Co., 398 So.2d 455 (Fla. 2d DCA), petition for review denied, 408 So.2d 1092 (Fla. 1981), as support for her position. Her reliance is misplaced. In Nales we held that where a plaintiff injured in an automobile accident is denied recovery of compensatory damages solely because the plaintiff did not cross the no-fault threshold, an award of punitive damages is nevertheless allowable if otherwise appropriate. Nales did not recognize a separate action for punitive damages. More importantly, Nales has no applicability here. To allow appellant to sue her late husband's employer, IMC, after she has accepted compensation benefits would be contrary to the exclusiveness of remedy doctrine embodied in the workers' compensation law.
Section 440.11(1), Florida Statutes, states:
The liability of an employer prescribed in s. 440.10 shall be exclusive and in place *172 of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. .. .
As we explained in Chorak v. Naughton, 409 So.2d 35, 38 (Fla. 2d DCA 1981):
The purpose of the exclusiveness of the Workers' Compensation Act is to limit the liability of the contributing employer to the compensation benefits secured. In return for accepting vicarious liability for all work-related injuries and for surrendering traditional defenses, the employer is allowed to treat compensation as a routine cost without exposure to tort litigation. Likewise, the employee relinquishes his tort remedies for a system of compensation sparing him the cost, delay, and uncertainty of litigation.
Appellant's contention that IMC's culpable negligence entitled her to punitive damages, regardless of her being barred from suing for compensatory damages, is unavailing. As the supreme court observed in Seaboard Coast Line Railroad v. Smith, 359 So.2d 427, 429 (Fla. 1978):
An employer under this Act is not liable in tort to employees by virtue of the express language of the Act. Such immunity is the heart and soul of this legislation which has, over the years been of highly significant social and economic benefit to the working man, the employer and the State. And, whether the injury to the employee is caused by "gross negligence", "wanton negligence", "simple negligence" passive or active, or no negligence at all of the employer, is of no consequence. There is no semblance of suggestion in these statutes that the Legislature intended to make any distinction in degrees of negligence so far as the employer's immunity is concerned and we see no reason or logic in any distinction.
In other states where the exclusiveness of remedy provision in a workers' compensation act has been challenged, the courts have upheld it against a claim for punitive damages over and above benefits already received under the act. See Roof v. Velsicol Chemical Corp., 380 F. Supp. 1373 (N.D. Ohio 1974); North v. United States Steel Corp., 495 F.2d 810 (7th Cir.1974); Wooddell v. Washington Steel Corp., 269 F. Supp. 958 (W.D.Pa. 1967); Stricklen v. Pearson Construction Co., 185 Iowa 95, 169 N.W. 628 (1918); Liberty Mutual Insurance Co. v. Stevenson, 212 Tenn. 178, 368 S.W.2d 760 (1963).
Accordingly, we hold that the exclusiveness of remedy doctrine embodied in section 440.11(1) bars recovery by appellant against IMC for either compensatory or punitive damages. Sharpe v. Monfort, 419 So.2d 1186 (Fla. 1st DCA 1982).
AFFIRMED.
OTT, C.J., and DANAHY, J., concur.