664 So.2d 1134 (1995)
Gracie WADDELL, Appellant/Cross-Appellee,
v.
SHONEY's, INC., etc., Appellee/Cross-Appellant.
No. 94-2257.
District Court of Appeal of Florida, Fifth District.
December 15, 1995.
*1135 Thomas E. Shafovaloff, Winter Park, for Appellant/Cross-Appellee.
Randall M. Bollinger and Michael V. Hammond of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee/Cross-Appellant.
PETERSON, Chief Justice.
Gracie Waddell appeals an order for new trial entered after she declined to accept the trial court's remittitur of a jury verdict. Shoney's Inc., d/b/a Captain D's Seafood Restaurants of Orlando, (Shoney's) cross-appeals the trial court's denial of its motion in limine to limit Waddell's presentation of evidence on the issue of damages for mental distress.
The events leading to this litigation began when Waddell, a customer at one of Shoney's restaurants, requested and was served a cup of water that was contaminated with a chlorine cleaning solution. She realized immediately that she had ingested some sort of chemical, became ill, and began vomiting. She visited a hospital emergency room, where she was advised that the only treatment was to drink clear fluids. At this time she was thirty weeks into her pregnancy and was experiencing unique fetal movements and contractions. The following morning, because she experienced diarrhea and more vomiting, she sought help from her obstetrician and visited another hospital. Doctors there admitted Waddell for the night, medicated her, attached her to a fetal monitor, placed her on an intravenous unit to hydrate her, and then released her the next day. Four days later, Waddell returned to the hospital where the doctors monitored the contractions and again administered medication. Her condition improved several days after the ingestion.
Subsequently, she visited her obstetrician and a hospital with complaints of shortness of breath, cramps, and abdominal pain, but the complaints were deemed unrelated to the poisoning. Nevertheless, Waddell was concerned about her baby due to the cramps and contractions she had continued to experience. On February 18, 1994, approximately two and one half months after she drank the tainted water, Waddell gave birth to a healthy baby, and was released the next day.
The medical notes pertaining to Waddell's entry into the hospital for delivery indicate that she had been having "uterine contractions over the past several weeks, [and] had multiple visits to several hospitals in the area with complaints of labor." Waddell's live-in companion testified that throughout the "whole end of pregnancy" Waddell complained *1136 of contractions four to five days out of the week.
Waddell sued Shoney's seeking damages for pain and suffering caused by its negligent service of the contaminated drink. A jury trial was held in which Shoney's admitted liability and Waddell conceded that her non-economic damages were limited to "pain and suffering, mental anguish, inconvenience, and loss of capacity for the enjoyment of life." Waddell did not make a claim for physical impairment or loss of earning capacity, but asked the jury to award non-economic damages in the amount of $100,000. Shoney's admitted in its closing argument that Waddell experienced the symptoms of which she complained, but argued that the last evidence of contractions, or documentation of vomiting or nausea, was six days after the incident. It also argued that, "It's no wonder that we're trying this case, after hearing the suggestion that this case is somehow worth $100,000." Shoney's asked the jury if the "compelling medical evidence justified an award of $100,000 or anything remotely close to it," but did not suggest an appropriate amount of damages.
The jury returned a verdict of $36,658.33. Of this amount, $1,658.33 was for past medical expenses, and the remainder, $35,000, was awarded as non-economic damages.[1] Shoney's then filed a motion for new trial or for remittitur pursuant to subsections 768.74(5) and (6), Florida Statutes (1993). The trial court granted remittitur and reduced the non-economic damages to $18,000. Waddell rejected the remittitur and the court entered an order for new trial.
A jury is accorded wide latitude in assessing non-economic damages. Rety v. Green, 546 So.2d 410 (Fla. 3d DCA 1989). In tort cases, damages are to be measured by the jury's discretion. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309, 1314 (Fla. 1986) (quoting Bould v. Touchette, 349 So.2d 1181 (Fla. 1977). The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. Id. (quoting Bould). The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. Id. (quoting Bould). In determining whether to order a remittitur, the trial judge's discretion is exercised in the context of determining whether the jury's verdict is against the manifest weight of the evidence or was influenced by consideration of matters outside the record. Id. at 1313.
In the instant case the court ordered a remittitur for various reasons including the fact that there had been no evidence of any permanent harm. Waddell's vomiting, the court pointed out, was a healthy reaction. Further, the court stated, in the usual case involving the ingestion of a foul or noxious substance that does not involve permanent damage, jury awards are in the range of a few thousand dollars. Even given Waddell's pregnancy, the court found, the award was excessive and shocking to the judicial conscience. The court stated that an award of $18,000, the remittitur award, was "2, 3, 5 and even 10 times jury awards in comparable cases."
The record does not support the trial court's conclusion that this verdict was excessive and shocking to the judicial conscience. Waddell's ingestion of the chlorine substance induced violent vomiting which was followed almost immediately by episodes of uterine contractions. Contractions, it can be noted, are precursors to birth, and, when Waddell ingested the substance, she was many weeks away from a full term pregnancy. Medication was twice prescribed to reduce the contractions. Although the evidence showed that Waddell's child ultimately was born healthy, the jury could have concluded that Waddell endured weeks of anxiety and fear over her health and that of her unborn child because of the violent reaction to the contaminated water. In light of this evidence, it cannot be said that the jury verdict was excessive or shocking.
As to Shoney's cross-appeal, we hold that the trial court properly admitted evidence that Waddell suffered mental distress related to her concern for the fetus. See *1137 Singleton v. Ranz, 534 So.2d 847 (Fla. 5th DCA 1988), review denied, 542 So.2d 1332 (Fla. 1989); R.J. v. Humana of Florida, Inc., 652 So.2d 360 (Fla. 1995).
We quash the order granting remittitur or a new trial for damages only and remand with instructions to reinstate the jury verdict.
REVERSED AND REMANDED.
W. SHARP, J., concurs.
COBB, J., dissents without opinion.
NOTES
[1] The non-economic damages were not separated into past and future amounts.