802 So.2d 335 (2001)
Michael LORING, Jr., Appellant,
v.
Delise K. WINTERS, Appellee.
No. 2D99-3926.
District Court of Appeal of Florida, Second District.
July 25, 2001.
Rehearing Denied October 16, 2001.
Michael C. Tice, Fort Myers, for Appellant.
Jeffrey D. Kottkamp of Henderson, Franklin, Starnes & Holt, Fort Myers; *336 and Steven G. Koeppel of Troy, Yeslow, & Koeppel, P.A., Fort Myers, for Appellee.
PARKER, Acting Chief Judge.
In this personal injury lawsuit, Michael Loring, Jr., appeals the final judgment in which Delise K. Winters was awarded $8,612.99 after setoff.[1] Loring raises three issues on appeal, none of which merit reversal. We affirm the final judgment but write to address Loring's challenge to a jury instruction given by the trial court.
Loring argued to the trial court that under section 627.737, Florida Statutes (1993),[2] he was entitled to a jury instruction that he could recover damages for disability, disfigurement, and loss of capacity of enjoyment of life. Loring argued that these damages were available at common law prior to the enactment of the no-fault legislation and that, under Florida common law, he is still entitled to have the jury instructed on these damages. We disagree and can find no cases in Florida that support Loring's position. Section 627.737 plainly intends to exempt owners, registrants, operators, or occupants from tort liability for all noneconomic damages except those damages "for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2)." Because Loring was not entitled to recover damages for disability, disfigurement, and loss of capacity of enjoyment of life, the trial court did not err in refusing to instruct the jury on those damages.
Affirmed.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] After Loring sued Winters for injuries resulting from an auto accident, a jury awarded Loring $2,596.50 plus taxable costs of $1,721.75. Winters, by virtue of proposals for settlement and offers of judgment, was entitled to attorneys' fees of $12,029.80 plus taxable costs of $901.44.
[2] Section 627.737, Florida Statutes (1993), provides in pertinent part:

(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any exclusion authorized by ss. 627.730-627.7405, under any insurance policy or other method of security complying with the requirements of s. 627.733, or by an owner personally liable under s. 627.733 for the payment of such benefits, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2).
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
. . . .
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.