805 So.2d 870 (2001)
Troy Wayne SMILEY and Linda A. Smiley, Appellants,
v.
Francis A. NELSON and Gertrude Nelson, Appellees.
No. 2D00-4237.
District Court of Appeal of Florida, Second District.
September 14, 2001.
Rehearing Denied November 5, 2001.
*871 Angela C. Flowers of Kubicki Draper, Miami, for Appellants.
David S. Becker of Steven E. Heintz, P.A., Bradenton, for Appellees.
Barbara Green of Barbara Green, P.A., Coral Gables, for The Academy of Florida Trial Lawyers, Amicus Curiae.
Donald A. Dowdell, Executive Senior Attorney, Tallahassee, for Florida Department of Insurance, Amicus Curiae.
THREADGILL, Judge.
The Smileys, defendants in an action for negligence arising from a 1994 motor vehicle accident, appeal a final judgment entered after jury trial in favor of plaintiff Francis Nelson. The jury returned a verdict finding no permanent injury, but awarding Mr. Nelson noneconomic damages of $500 for disability, physical impairment, and loss of capacity for the enjoyment of life. A final judgment was entered on the verdict.
On appeal, the Smileys argue that the trial court erred in instructing the jury that it could award such noneconomic damages even if Mr. Nelson failed to meet the permanency threshold of the Florida Motor Vehicle No Fault Law, sections 627.730-627.7405, Florida Statutes (1993). We agree and reverse.
Section 627.737(1) provides that every owner, operator, or occupant of a motor vehicle for which security has been provided as required by the no-fault law is exempted from tort liability for damages because of bodily injury arising out of the use of such motor vehicle to the extent that personal injury protection (PIP) benefits are payable, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2). Section 627.737(2) states that
a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
In this case, the trial court, over the Smileys' objection, granted Mr. Nelson's request for a nonstandard jury instruction, which allowed the jury to consider damages for any past or future disability, physical impairment, or loss of capacity for the enjoyment of life even if Mr. Nelson did not satisfy the permanency *872 threshold of section 627.737. In allowing the instruction, the trial court found that the legislature, by failing to mention disability, disfigurement, and loss of capacity for enjoyment of life in section 627.737, must have intended to exclude such damages from the statute's threshold requirements.
We disagree with the trial court's interpretation of the statute. Section 627.737(1) exempts a defendant from tort liability for damages because of bodily injury arising out of the use of a motor vehicle to the extent that PIP benefits are payable for such injury. It then allows for an action to be maintained for pain, suffering, mental anguish, and inconvenience only if the injury meets the permanency threshold set forth in subsection (2). § 627.737(1). Thus, the plain language of the statute excludes all tort damages to the extent that PIP benefits are payable in the first instance, then allows noneconomic damages only if the permanency threshold is met. If the legislature intended the permanency threshold to apply only to damages for pain, suffering, mental anguish, and inconvenience, it could have applied the initial exemption only to those enumerated noneconomic damages. The legislature, however, did not do this. Instead, it applied the exemption to "tort liability for damages."
This reading of the statute is consistent with what appears to be a general practice in personal injury cases of classifying damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life together as noneconomic damages. See, e.g., Seminole Gulf Ry., Ltd. P'ship v. Fassnacht, 635 So.2d 142 (Fla. 2d DCA 1994); Waddell v. Shoney's, Inc., 664 So.2d 1134 (Fla. 5th DCA 1995); Dyes v. Spick, 606 So.2d 700 (Fla. 1st DCA 1992). It is also consistent with the standard jury instruction on the elements of personal injury and property damages, which also classifies all such damages together. See Fla. Std. Jury Instr. (Civ.) 6.2(a).
The supreme court has stated that the no-fault law rewards automobile owners for carrying PIP coverage by exempting them from liability for noneconomic damages, except in cases involving permanency or death. See Dauksis v. State Farm Mut. Auto. Ins. Co., 623 So.2d 455 (Fla. 1993). Although not faced with the issue presented in this appeal, the supreme court in Dauksis did not indicate that the exemption from liability applies only to certain noneconomic damages and excludes others.
In support of the trial court's ruling, Mr. Nelson argues that section 627.737 is in derogation of common law because it limits a party's right to recover noneconomic damages that were recognized at common law. Thus, he argues, the statute must be strictly construed, citing Nales v. State Farm Mutual Automobile Insurance Co., 398 So.2d 455 (Fla. 2d DCA 1981). Where a statute is both in derogation of common law and remedial in nature, however, it is to be construed liberally to ensure access to the remedy provided by the legislature. Golf Channel v. Jenkins, 752 So.2d 561, 566 n. 4 (Fla.2000). Here, the purpose of section 627.737 is to allow for speedy recovery of economic damages from one's own insurer, to lessen court congestion and reduce delays, to reduce insurance premiums, and to reduce the overpayment of minor claims and underpayment of major claims. Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla. 1974). The trial court's interpretation of the statute, which prohibits recovery for the enumerated noneconomic damages while allowing recovery for any other noneconomic damages in the absence of a *873 permanent injury, does not further this purpose. Regardless, whether the statute is construed strictly or liberally to ensure the legislature's remedy, the result is the same: a defendant who complies with the no-fault law is exempt from tort liability for damages unless he meets the permanency threshold of section 627.737(2).
Mr. Nelson also relies on Nales for the proposition that, because the no-fault law contains no reference to damages for loss of capacity for the enjoyment of life, the threshold should not be applied to those damages. This court in Nales held that a plaintiff may recover punitive damages even though he is subject to Florida's no-fault law and does not cross the no-fault threshold for recovery of compensatory damages for pain and suffering and other noneconomic losses. See 398 So.2d at 455. Compensatory and punitive damages are two different classes of damages. Punitive damages are not mentioned in section 627.737. Section 627.737, however, does contemplate compensatory noneconomic damages. Thus, Nales is distinguishable.
Accordingly, we hold that noneconomic damages, including those for disability, physical impairment, and loss of capacity for the enjoyment of life, are not available under the no-fault law absent a finding of permanent injury. See Loring v. Winters, 802 So.2d 335, (Fla. 2d DCA 2001) (holding that section 627.737 plainly intends to exempt owners, registrants, operators, or occupants from tort liability for all noneconomic damages except those damages "for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2)"); Owen v. Morrisey, 793 So.2d 1018 (Fla. 4th DCA 2001) (holding that noneconomic damages, including disability, physical impairment, and loss of capacity for the enjoyment of life, are precluded under section 627.737(2), absent a finding of permanent injury). We therefore strike the award of damages.
The Smileys also claim that the trial court erred in denying their motion for attorney's fees and costs pursuant to an offer of judgment. Section 768.79, Florida Statutes (1993), provides that a defendant is entitled to recover reasonable costs and attorney's fees if the defendant files an offer of judgment which is not accepted by the plaintiff, and the judgment is one of no liability. Because the judgment in this case is one of no liability under the no-fault law, the Smileys are entitled to fees and costs.
Finally, the Smileys correctly argue that if the final judgment is reversed, the award of prevailing party costs to Mr. Nelson must also be reversed.
We therefore reverse and remand for further proceedings on the Smileys' motion for attorney's fees and costs.
BLUE, C.J. and SALCINES, J., Concur.