806 So.2d 629 (2002)
Richard W. GILL, Appellant,
v.
Terrence M. McGUIRE, Appellee.
Nos. 4D01-1721, 4D01-7.
District Court of Appeal of Florida, Fourth District.
February 6, 2002.
Angela C. Flowers of Kubicki Draper, Miami, for appellant.
Mark B. Carroll of Fazio, Dawson, Di-Salvo, Cannon, Abers, Podrecca & Fazio, Fort Lauderdale, for appellee.
WARNER, J.
This appeal arises from appellee Terrence McGuire's negligence action for injuries he sustained in an automobile accident with appellant Richard Gill. Over Gill's objection, the trial court instructed the jury, inter alia, that even if it found that McGuire did not sustain a permanent injury, it could still award damages for past disability and loss of capacity for the enjoyment of life. The jury ultimately found that appellee did not sustain a permanent injury and awarded him two measures of damages: (1) $3,357.31 in economic damages; and (2) $15,000.00 for past disability and loss of capacity for the enjoyment of life. Pursuant to the verdict, the court entered a judgment in McGuire's favor for $17,076.31. Because Gill had not accepted McGuire's pre-trial $10,000 offer of judgment, the court entered an agreed order awarding McGuire attorney's fees and costs. On appeal, Gill challenges the *630 above mentioned jury instruction and the resultant verdict, judgment, and fees award.
Recently, in Welch v. Fega, 800 So.2d 327 (Fla. 4th DCA 2001), we addressed this exact issue and reversed non-economic damages awarded for past disability and loss of capacity for the enjoyment of life because the jury found that the plaintiff had not sustained a permanent injury. In so holding, we agreed with the second district's decision in Smiley v. Nelson, 805 So.2d 870 (Fla. 2d DCA 2001). In that opinion, Smiley expressly rejected the arguments McGuire used in this case to convince the trial court to give the erroneous instruction.
Since McGuire recovered damages for past disability and loss of capacity for the enjoyment of life even though the jury found that he did not sustain a permanent injury, we strike that portion of the damages award. We remand for the trial court to enter an appropriate judgment awarding McGuire only his economic damages. Moreover, because his recovery will now be significantly less than his $10,000 offer of judgment, we reverse the attorney's fees award as no longer justified under the offer of judgment statute. See generally § 768.79(1), Fla. Stat. (2000).
Reversed and remanded.
FARMER and GROSS, JJ., concur.