816 So.2d 248 (2002)
Gail GILES and James Giles, Appellants,
v.
Curtis LUCKIE, Appellee.
No. 1D01-1802.
District Court of Appeal of Florida, First District.
May 16, 2002.
James F. McKenzie of McKenzie & Taylor, P.A., Pensacola, for Appellants.
Donald A. Dowdell of Florida Department of Insurance, Tallahassee, for Amicus Curiae Florida Department of Insurance.
James A. McGhee of Hook, Bolton, Mitchell, Kirkland & McGhee, P.A., Pensacola, and Angela C. Flowers of Kubicki Draper, Miami, for Appellee.
ALLEN, C.J.
The appellants brought a negligence action against the appellee for injuries sustained in an automobile accident. They requested that the jury be instructed that it could award damages for loss of capacity for the enjoyment of life, loss of consortium, disability, and disfigurement, even if it found that the permanency threshold of the Florida Motor Vehicle No-Fault Law, sections 627.730-627.7405, Florida Statutes (1997), was not satisfied. The trial court denied the requested instruction, and the jury ultimately returned a verdict in favor of appellant Gail Giles. However, because the jury found that she did not suffer a permanent injury, it awarded her only the amount of her unpaid medical expenses. The appellants filed this appeal, asserting that the trial court erred by denying their requested instruction. We affirm the final judgment, but we certify a question to the supreme court.
Section 627.737(1) provides in pertinent part that every owner, registrant, operator, or occupant of a motor vehicle for which security has been provided as required by the no-fault law is exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle to the *249 extent that personal injury protection (PIP) benefits are payable for such injury, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2). Section 627.737(2) provides in pertinent part that in any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by the nofault law, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring or disfigurement; or (d) death.
The appellants assert that a plain reading of the statute establishes that noneconomic damages are not included in the tort exemption of section 627.737(1). Therefore, they argue that the threshold requirements in section 627.737(2) apply only to those four noneconomic damages specifically listedpain, suffering, mental anguish, and inconvenienceand all other noneconomic damages available at common law and not listed in the statute are recoverable without a threshold injury. The second and fourth districts have addressed and rejected this argument. Smiley v. Nelson, 805 So.2d 870 (Fla. 2d DCA 2001); Gill v. McGuire, 806 So.2d 629 (Fla. 4th DCA 2002); Welch v. Fega, 800 So.2d 327 (Fla. 4th DCA 2001).
In Smiley, the second district reasoned that the tort exemption in section 627.737(1) extends to all damages, economic and noneconomic, and the fourth district adopted the second district's reasoning in Gill and Welch. After reviewing the statute and the relevant case law, however, we agree with the appellants that the exemption does not apply to noneconomic damages because a defendant is shielded from liability only to the extent that PIP benefits are payable for a qualifying injury, see, e.g., Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla.1995); Smey v. Williams, 608 So.2d 886 (Fla. 5th DCA 1992), and PIP benefits are not payable for noneconomic damages. See § 627.736, Fla. Stat. Although this interpretation brings into question the language at the end of section 627.737(1), that a tortfeasor is exempt "unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2)," we conclude that the legislature merely intended by this language to emphasize that intangible damages would be recoverable under certain circumstances.
We do, however, agree with the second district that it has long been the understanding of the courts in this state and those practicing in the personal injury field that an injured party must satisfy the threshold requirements of section 627.737(2) in order to recover any noneconomic damages. See Chapman v. Dillon, 415 So.2d 12 (Fla.1982); Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla.1974); Pearson v. Gregg, 575 So.2d 333 (Fla. 1st DCA 1991); Matiyosus v. Keaten, 717 So.2d 1097 (Fla. 5th DCA 1998). As the supreme court observed in Dauksis v. State Farm Mutual Automobile Insurance Company, 623 So.2d 455 (Fla.1993), section 627.737 rewards automobile owners who carry the required PIP coverage by "exempting them from liability for noneconomic damages except in cases involving permanency or death." Although there has been some adjustment to *250 the nature and degree of the threshold requirements, section 627.737(2) has remained materially unchanged for more than thirty years. In accordance with the long-understood meaning of this provision, we conclude that section 627.737(2) exempts a covered defendant from liability for all noneconomic damages, not just those specifically listed, except in cases involving a threshold injury.
The final judgment is accordingly affirmed. But because this is a recurring issue in the courts of this state, we certify the following question to the supreme court as a question of great public importance:
DOES SECTION 627.737 EXEMPT A COVERED DEFENDANT FROM LIABILITY FOR ALL NONECONOMIC DAMAGES UNLESS A THRESHOLD INJURY IS ESTABLISHED?
AFFIRMED.
BENTON and PADOVANO, JJ., concur.