834 So.2d 283 (2002)
Ethel Thompson SWEITZER, Appellant,
v.
Dawn M. THOMAS, Appellee.
No. 5D02-34.
District Court of Appeal of Florida, Fifth District.
December 20, 2002.
Rehearing Denied January 15, 2003.
Scott Turner of Turner & Layman, L.L.C., Melbourne, and Sharon Lee Stedman of Cabaniss Smith Toole & Wiggins, PL, Maitland, for Appellant.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach and Karla T. Torpy and Robert M. Moletteire of Graham, Moletteire & Torpy, P. A., Melbourne, for Appellee.
ROUSE, R. K., JR., Associate Judge.
This appeal of a final judgment arises from Appellee's negligence action for injuries sustained in an automobile accident. None of Appellant's five issues on appeal merit reversal; however, Appellant's challenge to the jury instructions given by the trial court, and the damages awarded pursuant to those instructions, merit discussion.
Because Appellant admitted responsibility for causing the accident, the trial was conducted on the issues of causation and damages. Appellee claimed a shoulder injury requiring surgery. Appellant's entitlement to the exemption from liability afforded by section 627.737, Florida Statutes (1999) was not disputed.
The trial court instructed the jury to award economic damages. Over the objection of Appellant's counsel, the court further instructed the jury to consider awarding noneconomic damages for disability, physical impairment, disfigurement, and loss of capacity for the enjoyment of life caused by the accident, even if it found no *284 permanent injury.[1]
The jury returned its verdict awarding damages in the amount of $30,640.68 in economic damages based on past medical expenses and lost wages, and $25,000 for past and future noneconomic damages due to physical impairment, disfigurement, and loss of capacity for the enjoyment of life. After finding that Appellee sustained a permanent injury, the jury awarded additional noneconomic damages for past and future pain, suffering, and inconvenience.
Appellant complains that the trial court erred in instructing the jury that some noneconomic damagesthose for disability, physical impairment, disfigurement, and loss of capacity for the enjoyment of lifemay be recovered from a defendant who enjoys exemption from liability pursuant to section 627.737, even when the permanency threshold of that statute is not met. Further, Appellant suggests that even when an injured plaintiff is determined to have sustained a permanent injury, recovery of noneconomic damages should be limited to the elements specifically mentioned in the statute: pain, suffering, mental anguish, and inconvenience. Therefore, asserts Appellant, Appellee's recovery should be reduced by the $25,000 awarded for elements of noneconomic damages not specifically referenced in section 627.737(2).
At the time of the trial in May, 2001, the trial court did not have the guidance of subsequently published decisions of other district courts addressing this issue, including, e.g., Loring v. Winters, 802 So.2d 335 (Fla. 2d DCA 2001), Gill v. McGuire, 806 So.2d 629 (Fla. 4th DCA 2002), and Giles v. Luckie, 816 So.2d 248 (Fla. 1st DCA 2002). Those decisions hold that an injured plaintiff must satisfy the threshold requirements of section 627.737(2) in order to be entitled to recover any noneconomic damages against an exempt defendant. This interpretation of section 627.737 is consistent with the purpose of the statute, which is to permit the speedy recovery of major and salient economic damages, reduce the incidence of overpayment for relatively minor injuries, lessen court congestion and reduce delay, and reduce automobile insurance premiums. See Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974). This interpretation is also consistent with the general practice in bodily injury cases of classifying and grouping all elements of noneconomic damages together. See Fla. Std. Jury Instr. (Civ.) 6.2(a).
We agree with this interpretation. Furthermore, we agree with the conclusion of Giles that the language in section 627.737(1), specifically mentioning pain, suffering, mental anguish, and inconvenience, was merely intended to emphasize that noneconomic damages would be recoverable only where the threshold had been met. Giles, 816 So.2d at 249. We note that the opinion in Lasky mentions only "pain and suffering," even when it is obviously referring to all noneconomic damages recoverable under common law. Lasky, 296 So.2d at 14. Moreover, we fail to appreciate how the purpose of the statute would be furthered by permitting a permanently injured plaintiff to recover for mental anguish, but not for loss of capacity for the enjoyment of life. To so interpret the statute may also call into question its constitutionality. See id. at 15-16. The statute must not be arbitrary, and must be "reasonably related to ... permissible legislative objectives...." Id.
*285 Therefore, we conclude that in the absence of a threshold injury, as defined in section 627.737(2), there can be no recovery for any noneconomic damages. Conversely, in cases involving a threshold injury, the plaintiff may recover all noneconomic damages recoverable under common law. Accordingly, because the jury in this case found that Appellee did sustain a permanent injury, she was entitled to recover all of her noneconomic damages, and the challenged instruction did not result in harm to Appellant.
AFFIRMED.
COBB and SHARP, W., JJ., concur.
NOTES
[1] These elements of noneconomic damages are not specifically referenced in section 627.737(2), Florida Statutes (1999).