**Don EDWARDS, individually and d/b/a R & D Trucking and Hauling Co., Plaintiff,**

v.

**SAFEGUARD INSURANCE COMPANY, Defendant.**

No. 8:02–CV–1699–T–27MSS.

United States District Court, M.D. Florida, Tampa Division.

Feb. 20, 2004.

Robert J. Mayes, and Jonathan R. Mayes, Gulf Breeze, FL, for plaintiff.

Charles F. Ketchey, Jr., Akerman Senterfitt, Tampa, FL, for defendant.

## ORDER

WHITTEMORE, District Judge.

**BEFORE THE COURT** is Defendant's Motion to Dismiss Count II of the Amended Complaint (Dkt.223), in which Defendant contends that Count II fails to state a claim upon which relief can be granted in that Florida Statute § 627.737(4) precludes the recovery of punitive damages in this common law third party bad faith action. The parties have filed supplemental memoranda addressing the applicability of Florida Statute § 627.737(4). (Dkt.200, 204).

Florida Statute § 627.737(4), as amended in 1977, provides in pertinent part:

> In any action brought against an automobile liability insurer for damages in excess of its policy limits, no claim for punitive damages shall be allowed.

Acknowledging the clear language of this statute, Plaintiff argues that it applies solely to the "Florida Motor Vehicle No–Fault Law" and has "no application in a contractual action for common law bad faith." (Dkt. 200 at p. 2). Alternatively, Plaintiff argues that this statute applies only to tort actions, pointing to the title of § 627.737: "Tort exemption; limitation on right to damages; punitive damages." (Dkt. 200 at p. 3).

■■■ Plaintiff's arguments are unpersuasive. The plain language of § 627.737(4) precludes an award of punitive damages in "any action" brought against an automobile liability insurer for damages in excess of its policy limits. In Florida, the plain meaning of the statutory language is the first consideration of statutory construction. *See e.g. Capers v. State,* 678 So.2d 330, 332 (Fla.1996). As Defendant correctly points out, when the language of a statute is unambiguous and conveys a clear and ordinary meaning, there is no reason to resort to other rules of statutory construction. *Verizon Flori-*

*da, Inc. v. Jacobs,* 810 So.2d 906, 908 (Fla. 2002).

■ To the extent Plaintiff points to the title of § 627.737 in support of his argument, the Court is not persuaded. In Florida, the arrangement and classification of laws for purposes of codification in the Florida Statutes is deemed to be an administrative function of the Florida legislature and is not determinative on the issue of legislative intent, although it may be persuasive in some circumstances. *State v. Bradford,* 787 So.2d 811, 819 (Fla.2001). Here, as Defendant accurately summarizes, the legislative history of § 627.737(4) supports application of that section to all actions against an automobile liability insurer for damages in excess of its policy limits.

The parties agree that no appellate decision in Florida has discussed the effect or application of § 627.737(4), other than *Nales v. State Farm Mut. Auto. Ins. Co.,* 398 So.2d 455, 456 (Fla. 2d DCA 1981). *Nales, in dicta,* discussed § 627.737(4) only in the context that it was added to § 627.737 in 1977, demonstrating the Florida Legislature's awareness of the doctrine of punitive damages. This court's independent research has revealed no Florida appellate decisions addressing the applicability of that section to a common law third party

bad faith claim against an automobile insurer. The only decision cited to the court is a Florida circuit court decision, *Hollis v. Allstate Insurance Co.,* 10 Fla. Supp.2d 65 (Fla.Cir.Ct. 15th 1985). In that case, the circuit court determined that § 627.737(4) prohibited recovery of punitive damages in a third party bad faith action against an automobile insurer.[1]

The plain language of § 627.737(4) renders it applicable to the instant action.[2] Accordingly, Defendant's Motion to Dismiss Count II of the Amended Complaint (Dkt.223) is GRANTED. Florida Statute § 627.737(4) precludes recovery of punitive damages in this common law third party bad faith claim against Defendant, an automobile liability insurer, for damages in excess of its policy limits.

1. *Swamy v. Caduceus Self Ins. Fund, Inc.,* 648 So.2d 758 (Fla. 1st DCA 1994) in inapposite as it involved a third party bad faith claim against a medical malpractice insurer. Likewise, *Nales v. State Farm Mutual Automobile Insurance Co.,* 398 So.2d 455 (Fla. 2d DCA 1981) discusses only the recovery of punitive damages against a tortfeasor when a plaintiff is not able to establish the Florida no-fault permanency threshold. In that case, punitive damages were not sought against the insurer, State Farm. Finally, in *Dunn v. National Security Fire and Casualty Co.,* 631 So.2d 1103 (Fla. 5th DCA 1994), there is no indication that the applicability of § 627.737(4) was raised, argued or considered. There are Florida cases discussing the recovery of punitive

damages in bad faith cases, although these cases, unlike the instant case, involved statutory bad faith claims brought pursuant to Fla. Stat. § 624.155. *see e.g. Thompson v. State Farm Mut. Auto. Ins. Co.,* 670 So.2d 1070 (Fla. 3d DCA 1996). The instant action is a common law third party bad faith claim.

2. Defendant points to one secondary source which acknowledges the application of § 627.737(4) to any action against an automobile liability insurer where damages in excess of policy limits are sought. *James F. McKenzie, Unfair Claims Practices and Bad Faith,* in FLORIDA AUTOMOBILE INSURANCE LAW § 7.37, (Fla. Bar 2002).